[No. 9909.  Department One. — August 12, 1885.]

# H. C. BELL, RESPONDENT, *v.* SAMUEL McCLELLAN, APPELLANT.

SALE — ACTUAL AND CONTINUED CHANGE OF POSSESSION — EVIDENCE. — Upon a review of the evidence, *held,* that the sale under which the plaintiff claimed title to the personal property in question was void as to the creditors of his vendor, because unaccompanied by an actual and continued change of possession.

APPEAL from a judgment of the Superior Court of Butte County, and from an order refusing a new trial.

The facts are stated in the opinion.

*A. F. Jones, T. L. Ford,* and *T. B. Reardan & Son,* for Appellant.

*Gray & Sexton,* for Respondent.

BELCHER, C. C. — This is an action to recover the possession or value of two hay-presses.

It appears that the presses were the property of one Duncan, and were stored on the farm of McNulty, his brother-in-law. On the 19th day of January, 1884, Duncan sold the presses to the plaintiff in satisfaction of an indebtedness then due from him to the plaintiff.

The plaintiff received a bill of sale of the presses, and immediately wrote to McNulty, stating that he had bought them from Duncan, and asking McNulty to hold them for him. Duncan gave McNulty no notice of the sale. The presses remained stored in McNulty's shed till the 2d day of June, 1884, when the plaintiff again wrote to McNulty telling him to let Duncan take them and use them. Under this permission Duncan took the presses, had them repaired at a blacksmith's shop, and used them to bale hay on his own account until the 29th day of August following. He hired the men, paid them, contracted with parties for baling and received pay therefor. McNulty was one of the men employed by him and had charge of one of the presses. On the 29th of August, Duncan and McNulty went to the plaintiff's store at Oroville, and Duncan then told the plaintiff that he was sick and didn't want the presses any longer, and the plaintiff told McNulty to take them and continue to bale hay with them for him. McNulty took the presses and

continued baling hay with them for the plaintiff till the 4th of September. On that day they were taken from him by the defendant, acting as sheriff, under a writ of attachment issued out of the Superior Court in an action commenced by one Davidson against Duncan. Plaintiff never saw the presses and never took or held possession of them except as above shown.

Davidson never heard of the sale of the presses until the 29th of August, when Duncan told him he had sold them to the plaintiff in January.

Upon these facts the court below found "that the sale of said presses by C. M. Duncan to plaintiff was made in good faith, accompanied by an immediate delivery, and followed by an actual and continued change of possession, and that plaintiff was at the commencement of this action the legal owner of, and entitled to the possession of the same."

The appeal is by the defendant from the judgment and order denying his motion for new trial.

Conceding that the sale was made in good faith and was accompanied by an immediate delivery, notwithstanding no notice of the sale was given by Duncan to McNulty, still the appellant insists that it was not followed by an actual and continued change of possession as required by section 3440 of the Civil Code. In Stevens v. Irwin, 15 Cal. 506, it is said: "The delivery must be made of the property; the vendee must take the actual possession; that possession must be open and unequivocal, carrying with it the usual marks and indications of ownership by the vendee. It must be such as to give evidence to the world of the claims of the new owner. He must, in other words, be in the usual relation to the property which owners of goods occupy to their property. This possession must be continuous, not taken to be surrendered back again, not formal, but substantial. But it need not necessarily continue indefinitely, when it is bona fide and openly taken, and is kept for such a length of time as to give general advertisement to the status of the property and the claim to it by the vendee."

In Cahoon v. Marshall, 25 Cal. 201, it is said: "What constitutes an actual change of the possession of personal property, as distinguished from that which by mere intendment of law follows the transfer of title, is not of difficult solution. It is an

open, visible change, manifested by such outward signs as render it evident that the possession of the vendor has wholly ceased." (See also *Godchaux* v. *Mulford*, 26 Cal. 316, and *Hesthal* v. *Myles*, 53 Cal. 623.)  In *Stevens* v. *Irwin* the vendee took immediate possession of the property, and held the open, visible, and notorious possession thereof for more than a year, and it was held that the length of time was sufficient to give general advertisement to the world of the status of the property. Here there was no open, visible change of possession, and the constructive possession which the plaintiff took lasted only from January to June. This was a time when there was little or no occasion to use hay-presses; but when the haying season returned, and there was hay to be baled, the presses were again found in the open, visible possession of the vendor, and they so remained, and were used by him on his own account for nearly three months.

We are unable to see how this can be held to be the actual and continued change of possession which the law requires to make the sale valid as against creditors.

It is suggested by counsel for respondent that the question whether the possession is actual and continued as against a creditor is one which must ordinarily be determined by the jury, and that when the testimony is conflicting upon the subject, the judgment should not be reversed. The answer is that the testimony here is not at all conflicting, and that upon the facts as stated it is simply a question of law whether they show an actual and continued change of possession or not.

We think the judgment and order should be reversed and the cause remanded for a new trial.

SEARLS, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion the judgment and order are reversed and the cause remanded for a new trial.