Henry Washburn v. D. C. Oates.

(Filed March 4, 1904.)

**REPLEVIN—Sale of Personal Property—Change of Possession—Cred-itors.**  The transfer of a lot of railroad scrapers at the time in the possession of the grantor, if not accompanied by an immediate delivery and followed by an actual and continued change of pos-session is conclusively presumed to be fraudulent and void against those who are his creditors, while he remains in possession; and this is true even though the grantee takes and files a bill of sale therefor, for a grantee, under such circumstances, is not en-titled in a replevin action to recover against the sheriff who holds the property under a valid attachment issued at the suit of one of the creditors of the grantor.

(Syllabus by the Court.)

*Error from the District Court of Woods County; before John L. Pancoast, Trial Judge.*

*Moore & Moore,* for plaintiff in error.

*H. A. Noah,* for defendant in error.

Opinion of the court by

Burwell, J.:   George Wilson was the owner of a lot of railroad scrapers, all of which were in his possession and were being used by him in grading for the Rock Island Rail-road Company.   While they were thus in use, Wilson, on May 14, 1901, sold them to Henry Washburn for $395.00 in payment of money which he had borrowed from him. Wilson had, prior to this date, taken a contract for some grading on the Choctaw Railroad, and at the time the scrap-ers were sold to Washburn, it was agreed that Wilson and Washburn should be partners in that contract, or if Wash-

burn should determine that he did not wish to become a partner with Wilson, then he was to work by the day for him, and these scrapers were to be used in doing this work. Washburn, however, concluded to go in with Wilson, and somewhere from May 14th to June 5th, 1901, he had what is known as the "slip" scrapers (twelve in number) taken over to the Choctaw Railroad job, and he took charge of the work there, while Wilson retained the possession of the ten "wheel" scrapers, and completed the job on the Rock Island, which took him about two weeks. The wheel scrapers were then taken over and used on the Choctaw work, Wilson and Washburn directing the same, and, as partners, using the scrapers. Outside of two or three hands, who were working for them, so far as the record discloses, there were no persons who knew of the sale. But Washburn had taken and filed in the office of the register of deeds of the county a bill of sale. When the contract was completed on the Choctaw the scrapers were taken by the hands, under the direction of Washburn, and left with a farmer. There never was a time from the date of the sale until they were left with the farmer when Wilson did not, from all outward appearances, have the control of the scrapers as fully as before. After the scrapers were left with the farmer the defendant, who was, at the time, the sheriff of the county, levied an attachment on them in an action of Stroud & Aldrich against George Wilson. Washburn replevied, and on the trial it was admitted that the claim was just, and that the plaintiffs in the attachment suit were creditors of Wilson. In fact, the only question presented by the record is as to whether there was such a change of possession at the time of the sale as would

take the transaction out of the statute of frauds.    The trial court held against Washburn, and he appeals to this court.

The judgment is correct.    While it may be true that Washburn exercised acts of ownership over the scrapers, it was in conjunction with Wilson and those acts, when considered in the light of all the apparent facts, were not such as would inform outside parties of the sale, nor was the filing of the bill of sale with the register of deeds, of itself, sufficient, in the absence of acts of open possession, other than those herein stated.

Judgment affirmed at the cost of appellant.

Pancoast, J., who presided in the court below, not sitting; Burford, C. J., absent; all the other Justices concurring.