## TAYLOR v. WOODEN *et al.*

### No. 976.   Opinion Filed September 16, 1911.

#### (118 Pac. 372.)

1. **TRIAL—Direction of Verdict.** The fact that each party moves the court for a peremptory instruction does not constitute a waiver of trial by jury upon the part of either.

2. **FRAUDULENT CONVEYANCES—Sale—Change of Possession.** The provisions of section 2933, Comp. Laws 1909, ''that every transfer of personal property other than a thing in action is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent and therefore void, against those who are his creditors while he remains in possession,'' etc., do not apply to a mortgagee's sale, and do not render such sale void as a matter of law, though the purchaser leaves the property in the possession of the mortgagor.

(Syllabus by Rosser, C.)

*Error from Kay County Court; Claude Duval, Judge.*

Action by F. N. Taylor against Chas. Wooden and W. K. Moore. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*Cress & Carter,* for plaintiff in error.

*W. K. Moore* and *W. S. Cline,* for defendants in error.

Opinion by ROSSER, C.  This is a suit in replevin, brought by F. N. Taylor against Chas. Wooden, as sheriff of Kay county, and W. K. Moore, purchaser of the property at an execution sale, to recover a certain sorrel mare and a two-year stallion colt. Oscar Taylor, who is a brother of F. N. Taylor, was indebted to the First National Bank of Ponca City, Okla., and executed a mortgage to that bank upon the horses in controversy, with other property.  The indebtedness was not paid at maturity, and the bank advertised the property for sale and sold it, with other property described in the mortgage, at public auction, on the 5th day of August, 1905.  T. K. Clark bought ·in the property at the sale, at the request of Oscar Taylor, for the plaintiff, F. N. Taylor, and paid for it by draft for $498, drawn on F. N. Taylor, at Greensboro, N. C.  Mr. Clark's bid was for $450, and the total indebtedness on the mortgage was $498, and he drew a draft for that amount and paid the mortgage debt in full.  After the sale the property was taken to the farm of T. K. Clark for pasture, and on the 23d day of August following a considerable amount of the property purchased at the sale was sold at auction, and according to the testimony of Oscar Taylor the proceeds, amounting to about $900, were sent to F. N. Taylor in North Carolina. The horses in controversy were then taken to the farm occupied by Oscar Taylor, which he had deeded to this brother, F. N. Taylor, and remained there until the sheriff levied upon them.  Oscar Taylor was indebted to the Page Woven Wire Fence Company, and on the 30th day of March, 1907, it obtained judgment against him, and sued out execution on the 24th day of September, 1907, which was, by the sheriff, levied on the property in controversy. The property was duly appraised and advertised, and on the 19th day of October, A. D. 1907, sold to the defendant, W. K. Moore. This suit was brought, on the day that the property was sold, against the sheriff and purchaser at the sheriff's sale.  At the close of the testimony in the case both the plaintiff and defendant moved the court for peremptory instructions.  The court overruled the plaintiff's motion for a peremptory instruction, and, upon the motion of the defendant, instructed the jury to find for

the defendant, for the reason that there had been no change of possession of the property in controversy, as provided by law, upon the sale by the bank under mortgage; and the plaintiff assigns this action of the court as error.

It is contended by the defendants in error that, because each party moved the court to direct a verdict, a jury was thereby waived. They contend that a motion by both parties for a directed verdict is equivalent to consent to a trial by the court. This question was decided by the Supreme Court in the case of *Farmers' National Bank of Tecumseh v. McCall*, 25 Okla. 600, 106 Pac. 866, 26 L. R. A. (N. S.) 217, adversely to the contention of the defendant in error. The correctness of the conclusion in that case is well illustrated in this case. In this case the court instructed the jury to find for the defendant upon a construction of the law which we conclude was erroneous, and which in no way involved a decision upon the question of whether or not the sale to the plaintiff was in fact fraudulent. The plaintiff had a right to have this question of fact tried by a jury.

In giving the peremptory instruction for the defendant, the court doubtless relied upon section 2933, Comp. Laws 1909 (sec. 2775, Wilson's Rev. & Ann. St. 1903), which is as follows:

"Every transfer of personal property other than a thing in action, or a ship or cargo at sea, or in a foreign port, and every lien thereon, other than a mortgage, when allowed by law, and a contract of bottomry, or respondentia, is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent and therefore void, against those who are his creditors while he remains in possession, and the successors in interest of such creditors, and against any person on whom his estate devolves in trust for the benefit of others than himself, and against purchasers or incumbrancers in good faith subsequent to the transfer."

This statute has been construed in a number of cases, and held to mean exactly what its plain language would imply; that is, where a sale is made by a person in possession or control, and the property is allowed to remain in his possession, the same

is void, as against creditors ·or subsequent purchasers. See *Bell v. McClellan,* 67 Cal. 283, 7 Pac. 699; *Walters v. Ratliff,* 10 Okla. 262, 61 Pac. 1070; *Still v. Cannon,* 13 Okla. 491, 75 Pac. 284; *Washburn v. Oates,* 14 Okla. 5, 76 Pac. 151; *Love, Sheriff, v. Hill,* 21 Okla. 347, 96 Pac. 623; *Jackson v. Kincaid,* 4 Okla. 554, 46 Pac. 587; *Mosgrove v. Harris,* 94 Cal. 162, 29 Pac. 490; *Goff v. Baker,* 5 Colo. App. 452, 39 Pac. 69.

The question in this case, however, is whether a sale by a mortgagee under the mortgage comes within the terms of this statute. The language of the statute is that a sale is void "if made by the person having at the time the possession or control of the property, and not accompanied by an immediate delivery and followed by an actual and continued change of possession." A mortgagee is not the owner of the mortgaged property within the meaning of this statute, and a mortgagee's sale is not made by the owner of the property. In this case the sale was made by the mortgagee bank, and not by Oscar Taylor, the owner. It seems to be the rule that judicial sales and sales under mortgage do not come within the meaning of the statute. 20 Cyc. 551, and cases cited in note 67. In the case of *Matteucci et al. v. Whelan,* 123 Cal. 312, 55 Pac. 990, 69 Am. St. Rep. 60, one Zaro was the owner of a certain restaurant, which was sold to the plaintiffs under execution issued in the case of one Isaac against Zaro. The plaintiffs employed a man named Giovanni, who was working in the restaurant at the time of the sale, to take charge of the business. They visited the restaurant about once a day, ·supplied it with groceries, etc., paid the bills, and also paid the rent on the premises for two months. After conducting the business for about two weeks, and finding it did not pay, they put Zaro in possession until such time as they could find a purchaser. He took charge and ran the business from June until the next November, when an attachment was levied on the property, in the case of *Witt v. Zaro,* to obtain pay for meat furnished Zaro a short time before the attchment· was levied. The plaintiffs brought suit against the sheriff to recover possession of the property. The trial court instructed the jury to find for the defendant

upon the ground that there was no change of possession sufficient to satisfy the statute. The Supreme Court of California held that this was error. See Freeman on Executions, sec. 151; also, notes to *Matteucci v. Whelan,* 69. Am. St. Rep. 63; *Lowe v. Matson,* 140 Ill. 108, 29 N. E. 1036.

*Hanford v. Obrecht,* 49 Ill. 146, was an action in replevin brought by Talmon Hanford against Jacob Obrecht, sheriff of Kankakee county, who had levied an execution in favor of Otto Emelt against Talmon Hanford on the property in controversy. Talmon Hanford was the father of Stephen Hanford, and also of the plaintiff, Talmon F. Hanford, and had executed a mortgage to Stephen upon the property to secure the payment of $550, with interest. Stephen took possession of the property and sold it under the mortgage to his brother, the plaintiff, Talmon F. Hanford, and executed a bill of sale thereto. Talmon F. Hanford allowed the property to remain in his father's possession until it was levied upon by the sheriff under the execution in favor of Emelt. There was verdict and judgment for the sheriff defendant, which was reversed by the Supreme Court. The court, by Mr. Justice Breese, held that the fact that the purchasers at the mortgagee's sale permitted the property to remain in possession of the mortgagor would not necessarily make the transfer fraudulent.

The statute is directed against. private sales, in which it is possible for parties to transfer property by bill of sale, or some other device, without any change of possession, and without any notice to the public. But in sales under mortgage, as well as in judicial sales, there is public notoriety. In such sales there is no opportunity to smuggle the transaction until such time as a creditor or subsequent purchaser attempts to take the property, and then produce proof of a prior sale. In the case of mortgages, the mortgage has usually at least been filed, or recorded, prior to the sale. There is an advertisement and a public sale. It is not against a transaction of this sort that the statute is directed; neither is a sale of that sort made by the mortgagor, but it is made by the mortgagee, or his agent. Of course, it is possible,

by collusion between the mortgagor and mortgagee, to defraud the creditors by a pretended sale, or by a sale in which it is understood that the mortgagor is to remain the owner of the property; but whether or not a sale of that sort is fraudulent is one of fact, and does not come within the statute.

In this case. the question of whether or not the possession of Oscar Taylor was that of his brother, or whether he was using his brother's name as a cloak for the purpose of concealing his own property, and putting it beyond the reach of his creditors, was one of fact, which should have been submitted to a jury under proper instructions.

Therefore this case should be reversed, and remanded for a new trial.

By the Court: It is so ordered.

All the Justices concur.