## ATWOOD *et al.* v. MASSEY.

No. 5349.   Opinion Filed November 23, 1915.

On Rehearing December 21, 1915.

(153 Pac. 629.)

1. **PLEADING—Judgment on Pleadings.** Where the answer of the defendants raises an issue of fact and both plaintiff and the defendants move for judgment on the pleadings, it is error for the court to grant the plaintiff's motion.

2. **SAME—Motion—Right to Jury Trial—Waiver.** The defendant by presenting a motion for judgment on the pleadings does not thereby waive the right to have an issue of fact set out in his answer tried to the court or jury.

(Syllabus by Galbraith, C.)

*Error from District Court, Oklahoma County;*
*W. R. Taylor, Judge.*

Action by J. W. Massey against Weston Atwood and others. Judgment for plaintiff, and defendants appeal. Reversed, with directions.

*Ames, Chambers, Lowe & Richardson,* and *J. R. Lewis,* for plaintiffs in error.

*Everest & Campbell,* for defendant in error.

Opinion by GALBRAITH, C.   This appeal is from a decree of the trial court entering judgment for the amount of the notes given for the balance of purchase money of land, and foreclosing a mortgage given to secure the same.   The petition was in the usual form for the foreclosure of a real estate mortgage, the execution and delivery of the notes and mortgage and the default were duly set out, with an allegation as to the amount due, and prayer for judgment and foreclosure.   The answer admitted the execution of the two notes for $2,500 each, one due in one year after date, and the other due in two years after date; each bearing 8 per cent. interest payable semiannually.   The defendants admitted liability on the second of the notes, but claimed that they were released from personal liability on the first of the notes, that is, the one maturing one year after date, for the reason that, after the execution of the notes and mortgage, they sold the property to the Safety Investment Company, a corporation, which assumed the payment of both notes and the mortgage, and that at the maturity of the first note the plaintiff, Massey, without their knowledge or consent entered into a written stipulation with the said Safety Investment Company extending the payment of said note for six months in consideration of the agree-

ment to pay 10 per cent. interest thereon in lieu of the 8 per cent. as stipulated in the notes. There was a reply to the answer admitting that an extension of the note had been given as alleged in the answer, but charging that this extension was given with the knowledge and consent of the makers of the note, and, in addition thereto, that the notes contained a stipulation agreeing for an extension without notice to them, as follows:

"The indorsers, guarantors and assignors severally waive presentment for payment, protest and notice of protest thereof for nonpayment of this note, and consent that the time of payment may be extended without notice."

When the cause was called for trial, both the plaintiff and defendants moved for judgment on the pleadings. The court, after argument, granted the plaintiff's motion and denied that of the defendants, and rendered judgment for the amount of the two notes, interest, attorney's fees, and a foreclosure of the mortgage. To review this judgment and decree the cause has been brought to this court by petition in error and case-made.

The only question raised by the assignment of error is that the trial court erred in sustaining the plaintiff's motion for judgment on the pleadings. It is argued that this was error, inasmuch as the answer of the defendants raised an issue of fact which they had a right to have tried either by the court or jury; that, until this issue was determined, it was improper for the court to render judgment. It appears from the record that the defendants' answer did set out a distinct issue of fact, namely, that the plaintiff, Massey, had agreed with the realty company for a consideration to extend the time of the maturity of the first note, and had agreed to release the de-

fendants from personal liability thereon. The defendants had the right to have this issue tried by a jury, if they wished. This right was not waived or abandoned by their moving the court for judgment on the pleadings. The law on this question has been settled in this jurisdiction. *Farmers' National Bank of Tecumseh v. McCall*, 25 Okla. 600, 106 Pac. 866, 26 L. R. A. (N. S.) 217; *Taylor v. Wooden et al.*, 30 Okla. 6, 118 Pac. 372, 36 L. R. A. (N. S.) 1018; *Hogan v. Milburn*, 44 Okla. 641, 146 Pac. 5.

It therefore follows that the trial court erred in granting the plaintiff's motion for judgment.

We therefore recommend that the judgment appealed from be reversed, with directions to vacate the judgment and to grant a new trial, and that the former opinion filed herein be withdrawn, and this one substituted therefor, and that the defendant in error's petition for rehearing be denied.

### ON 2ND. PETITION FOR REHEARING.

PER CURIAM. It is recommended that the order entered in said cause, November 23, 1915, reading, "that the judgment appealed from be reversed, with directions to vacate the judgment and to grant a new trial," be vacated, and the following order entered therein, namely, that the judgment appealed from be affirmed as to the second note for $2,500, interest, and attorney's fees, and declaring same a lien on the mortgaged real estate, and foreclosing such lien, and reversed in all respects as to the first note for $2,500, and remanded for a new trial, on the issues raised by the answer claiming a release as to such note, and that the petition for rehearing of the defendant in error be denied, and that the opinion filed

herein on November 23, 1915, in all other respects be adhered to.

By the Court: It is so ordered.