## SOUTHERN SURETY CO. v. WILLIAMS et al.

No. 10169—Opinion Filed Oct. 11, 1921.

(Syllabus.)

1. **Pleading—Judgment on Pleadings.**
Where the answer of the defendant raises an issue of fact, and both plaintiff and defendant move for judgment on the pleadings, it is error for the court to grant the plaintiff's motion.

2. **Same—Motion—Waiver of Right to Jury Trial.**
The defendant by presenting a motion for judgment on the pleadings does not thereby waive the right to have an issue of fact set out in his answer tried to a jury.

Error from District Court, Choctaw County; C. E. Dudley, Judge.

Action on guardian's bond by Zegar Williams, Stephen Williams, Pearlie Williams, Myrtle Williams, Isham Williams, and Annie Williams, minors, by their guardian, Israel Williams, against the Southern Surety Company and Eastman Roberts. Judgment for plaintiffs, and defendant Surety Company brings error. Reversed and remanded.

Calvin Jones, for plaintiff in error.

Howe & Stanley and E. A. Blythe, for defendants in error.

Works & Pascal, for Eastman Roberts.

KANE, J. This was an action upon the official bond of Eastman Roberts as guardian of the minors whose names appear in the caption of this action. The Southern Surety Company was sued as surety. The bond involved is what is generally known in this jurisdiction as a special sales bond for the sale of real estate. It was alleged in the petition of the plaintiffs that Eastman Roberts, the principal, breached this bond by failing to account for the sum of $700, the same being the purchase price paid to him for a tract of land belonging to his wards, sold at guardian's sale. It was further alleged that in a proceeding questioning the correctness of Eastman Roberts' final account as guardian the probate court found that by the silence, concealment, and conduct of said Eastman Roberts respecting the said $700 item no knowledge of it was brought to the attention of the court; that the same had been disposed of by said Eastman Roberts, and that he had never made any account respecting the same, wherefore the said court ordered Eastman Roberts to pay said $700 to Isreal Williams as the present legally acting guardian. Copies of this order and the bond sued upon were attached to the petition as exhibits and made a part thereof.

The answer, after denying each and every material allegation of the petition except such as were thereinafter specifically admitted, further alleged, in substance, that any and all sums of money derived from the sale of said real estate were duly and regularly expended by the guardian for the sole use and benefit of said minors for the necessaries to support, maintain, and educate the said minors owning an interest in said real estate, all of which said sums were so expended as aforesaid by the said guardian under the orders and with the approval of the county judge of Choctaw county, Oklahoma, and the

said minors whose interests in said real estate were sold have received the full benefit of all of the purchase money of the said real estate mentioned in said petition for the necessary support and maintenance of the said minors so interested as aforesaid.

The reply was a general denial of each and all allegations of said answer inconsistent with plaintiff's petition. After the issues were thus joined, the defendant Southern Surety Company filed its motion for judgment on the pleadings as follows:

"Comes now the defendant, Southern Surety Company, and moves the court to render judgment in favor of the defendant, Southern Surety Company, and against said plaintiffs upon the pleadings on file herein."

Whereupon, the plaintiffs filed their motion for judgment on the pleadings as follows:

"Comes now said plaintiffs and move the court to render judgment herein for them on the pleadings filed in this cause for the reason that plaintiff's petition is verified and defendants' answer unverified."

These motions coming on for hearing, the court sustained the motion of the plaintiffs and rendered judgment in their favor against the Southern Surety Company and the former guardian, Eastman Roberts, for the sum of $600. It is to reverse this action of the trial court that this proceeding in error was commenced.

Originally the cause was submitted in this court on the brief of counsel for the plaintiff in error, there being no brief filed in behalf of the defendants in error. The court, without noticing the authorities cited by counsel in this brief, handed down an opinion affirming the judgment of the trial court, holding:

"1. The motion for judgment on the pleadings admits the truth of the allegations contained in the pleadings to the same extent as the demurrer admits the truthfulness of such allegations.

"2. When both parties to an action file a motion in writing for judgment on the pleadings and both motions are presented to the court, the court may assume that the parties are waiving their right to the testimony and may treat the pleadings as the admitted testimony in the case."

In a petition for rehearing counsel for plaintiff in error particularly call our attention to the case of Atwood v. Massey, 54 Okla. 178, 153 Pac. 629, not noticed in the former opinion, which they say is in direct conflict with our former ruling, in which it was held:

"1. Where the answer of the defendants raises an issue of fact and both plaintiff and the defendants move for judgment on the pleadings, it is error for the court to grant the plaintiff's motion.

"2. The defendant by presenting a motion for judgment on the pleadings does not thereby waive the right to have an issue of fact set out in his answer tried to the court or jury."

Although counsel for defendants in error did not file a brief upon the merits, in a response to the petition for rehearing they say:

"The case cited by counsel as the controlling case in this state on this question, which is Atwood v. Massey, 54 Okla. 178, is not in point, for the reason that in the Atwood-Massey Case defendants admitted the execution of the notes sued on and admitted liability on one of the two notes, but pleaded a release from the first note by reason of an extension of the time granted without the knowledge or consent of the defendants."

In this response it is not denied that the answer of the defendants raises an issue of fact for trial, it being conceded that "The sole question presented in the petition for rehearing is, whether or not upon the filing of a motion for judgment on the pleadings by the defendants in the trial court the defendants waived their general denial filed in the trial court."

This seems to be the precise question passed upon in the Atwood Case, supra. In this case, as in the Atwood Case, the answer of the defendants joins a question of fact for trial, and the plaintiffs and defendants in both cases moved for judgment on the pleadings. The trial courts in both cases sustained the motion of the plaintiff for judgment on the pleadings. This court reversed the ruling of the trial court, in the Atwood Case, holding that:

"The defendants had the right to have this issue tried by a jury if they wished. This right was not waived by them when they moved the court for judgment on the pleadings."

We are unable to perceive any distinction between the two cases, and as we see no reason for overruling the rule of practice announced in the former opinion, which seems to be well supported by the authorities cited therein, it follows that the judgment of the trial court must be reversed, and the cause remanded, with directions to overrule both motions for judgment on the pleadings and proceed as herein indicated.

HARRISON, C. J., and JOHNSON, MILLER, ELTING, and KENNAMER, JJ., concur.