## GREEN v. STRUBLE et al.

No. 17000—Opinion Filed Nov. 23, 1926.

Rehearing Denied March 8, 1927.

(Syllabus.)

**1. Evidence—Admissibility of Duly Acknowledged Instrument Affecting Real Estate Without Further Proof of Execution—Mortgage Foreclosure.**

Where an instrument is executed appointing another agent for the purpose of procuring a loan, in which instrument the real estate sought to be mortgaged is fully described and the same is acknowledged before a notary public, in a suit to foreclose the mortgage executed in connection with such agency contract such contract is an "instrument affecting real estate" as contemplated

by section 5267, Comp. Stats. 1921, and may be received in evidence without further proof of its execution.

2. **Mortgages—Foreclosure—Admissibility of Original Agency Contract Executed by Borrower to Loan Company.**

Where the owner of real estate applies to a loan company for a loan and mortgages his real estate to secure the payment thereof and executes a written contract appointing the loan company his agent to procure the loan and collect the interest and principal when due, and the notes and mortgage are assigned to a third party and upon foreclosure proceedings being instituted the pleadings and proof raise a question as to whether the terms of such agency contract have been abrogated or waived, when properly offered, such agency contract is competent evidence and it is error for the trial court to refuse to admit it.

Error from District Court, Craig County; A. C. Brewster, Judge.

Action by Josephine Green against W. F. Struble et al. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

E. C. Stanard, M. L. Hankins, and Jesse L. Ballard, for plaintiff in error.

Hatchett & Ferguson, A. A. Brown, and Richard L. Wheatley, for defendants in error.

PHELPS, J. W. F. Struble and Sadie E. Struble, husband and wife, made application to the Conservative Loan Company of Shawnee, Okla., for a loan on their farm located in Craig county, Okla. The application was in writing and in which they appointed the Conservative Loan Company, a corporation, their agent to procure such loan. The loan was made in the sum of $1,800 and the notes made payable to the Conservative Loan Company and mortgage executed to secure the loan. The Conservative Loan Company sold and assigned the notes and mortgage to the First Trust Company of Omaha, Neb., which in turn sold and assigned them to Josephine Green, plaintiff herein.

Soon after the execution of the notes and mortgage the Strubles sold the farm to L. C. Kincade and Mary Kincade, who assumed the indebtedness. The Kincades paid the interest on the note regularly to the Conservative Loan Company, which in turn remitted the same to the First Trust Company, which then remitted the same to Josephine Green. Sometime before the principal note fell due, the Kincades desiring to pay off and satisfy the same, they borrowed from the Commerce Trust Company of Kansas City, Mo., funds with which to do so. The Commerce Trust Company, instead of paying the proceeds of the loan to Kincade, paid the same to the Conservative Loan Company to satisfy the original mortgage. The amount was credited to the account of the First Trust Company on the books of the Conservative Loan Company, but before it remitted the same to the First Trust Company the Conservative Loan Company became insolvent, and when the original note fell due Josephine Green, the then holder of the original note and mortgage, brought suit for judgment on the note and foreclosure of mortgage, making the Strubles, the Kincades, and the Commerce Trust Company all parties to the action. W. F. Struble in the meantime had died, and Sadie E. Struble was served by publication, and, therefore, neither made appearance.

The principal question in the case, as presented by the pleadings and proof, was whether the Conservative Loan Company was the agent for the borrower to collect and remit the payments made on the loan, or whether it was the agent of the First Trust Company and Josephine Green the plaintiff. The case was tried to a jury, resulting in a verdict and judgment for the defendants, to reverse which this appeal is prosecuted.

In their briefs, counsel for plaintiff in error present their assignments of error under four separate and distinct heads or propositions, the first of which is that the trial court erred in excluding proper, relevant, material, and competent testimony offered by plaintiff, and, as we view it, a proper disposition of this assignment of error renders it unnecessary to discuss or decide the others. As heretofore stated, when the Strubles made application to the Conservative Loan Company for the loan being foreclosed in this action, they specifically appointed in writing the Conservative Loan Company as their agent to procure the loan, "either in your own name or in that of anyone by you, or the lender chosen." It further provided that "the agency herein created, and on authority conferred hereby, shall be and remain irrevocable, until said loan is fully paid; and in procuring such loan, in collecting, receiving and forwarding interest and principal to the holder thereof, you are acting as my agent solely." It further provided that the Strubles were to pay a certain sum as commission or compensation to the loan company for "notifying me or the future owner of said land when the interest and principal of said loan shall mature, in collecting the interest and principal on the said loan at maturity from any one to whom I may sell the said security."

In the trial of the cause this written instrument was offered in evidence by plaintiff, and upon the objection of defendants the court excluded it, which ruling plaintiff insists was reversible error, it being the contention of plaintiff that, while the Kincades pleaded payment of the note and mortgage, they do not claim that payment was made to the plaintiff, but claim that the Commerce Trust Company, for them, paid the amount due to the Conservative Loan Company which the defendants insist was acting as agent for the plaintiff, while the plaintiff strenuously urges that when the mortgaged permises were conveyed by the Strubles to the Kincades and the Kincades assumed the note and mortgage, they then stood in exactly the same position in which the Strubles originally stood, and were bound by the terms of the agency contract as fully as were the original mortgagors, and that the plaintiff was entitled to introduce in evidence the instrument forming a part of the original transaction.

As supporting this contention, counsel for plaintiff cite Chase v. Commerce Trust Company, 101 Okla. 182, 224 Pac. 148, presenting a state of facts very similar to the instant case. In that case one J. M. Finch applied to the Aurelius-Swanson Company for a loan, appointing that company his agent in language almost identical with the language of the appointment in the instant case. One Frank H. Chase became the owner of the note and mortgage. Finch transferred the property to one Jim Osborn; Osborn obtained a new loan from the Commerce Trust Company, and that company undertook to pay off the original note and mortgage held by Chase by paying the same to Aurelius-Swanson Company. and this court held that said company was not the agent of Chase for the purpose of receiving such payment, saying:

"It must be remembered that Finch had constituted and appointed Aurelius-Swanson Company his agent to forward to the holder of the notes the interest thereon as the same became due; Chase had in his possession this appointment, and had a right to rely thereon in accepting the interest from or through Aurelius-Swanson Company."

There seems to be this difference, however, between the facts in that case and the instant case. In that case the agency contract was delivered to and was in the hands of Chase, while in the instant case the record does not disclose that the agency contract was delivered to the First Trust Company or to Josephine Green, or that they knew that it had been executed until after the suit was filed. Defendants objected to its introduction upon two grounds: (a) That it was not identified by anyone or its execution proved, while plaintiff insists that it was admissible under section 5267, Comp Stats. 1921, regulating conveyances, reading as follows:

"All instruments affecting real estate and executed and acknowledged in substantial compliance herewith, shall be received in evidence in all courts without further proof of their execution"

—and (b) that the contract was abrogated by the Conservative Loan Company taking the note and mortgage in its own name, citing Fitzgerald v. Realty Co. (Kan.) 186 Pac. 739, and Allen v. Wadell (Kan.) 208 Pac. 551. The agency contract in question was acknowledged before a notary public and fully described the real estate covered by the mortgage; and while it was an agency contract, yet, when considered in connection with the mortgage afterwards executed, it was subject to recordation under section 5266, Comp. Stats. 1921, and in legal contemplation an "instrument affecting real estate" as contemplated by section 5267, supra, and the objection to its introduction up n that ground was not well taken.

It is contended by defendants that in the collection of the notes in question the First Trust Company was the agent for Josephine Green. and that by its acts it made the Conservative Loan Company its agent to collect from the Kincades, and that for that reason this agency contract was inadmissible in evidence. With this contention we cannot agree. However, we desire to make it plain that we are not holding that under the circumstances in this case defendants are irrevocably bound by the agency contract, that being a question of fact to be determined from all the evidence, facts, and circumstances properly introduced, but in connection with this evidence, facts, and circumstances plaintiff had a right to introduce the contract in question for whatever weight it might carry in determining whether its terms had been abrogated or waived, and in this view of the case the trial court committed error in excluding it, and for this reason the judgment is reversed, with instructions to grant a new trial.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, LESTER, HUNT, CLARK, and RILEY, JJ. concur.

Note.—See under (1) 1 C. J. p. 782, §75. (2) 27 Cyc. p. 1616 (Anno).