## STERRETT et al. v. INTER-STATE TRUST CO.

No. 19353.    Opinion Filed Sept. 17, 1929.

Rehearing Denied Nov. 19, 1929.

Eugene S. Wells and W. F. Semple, for plaintiffs in error.

Earl Bohannon, W. E. Utterback, and R. T. Stinson, for defendant in error.

CLARK, J. This case presents error from the district court of Bryan county, Okla., wherein plaintiffs in error were defendants and defendant in error was plaintiff. For convenience, the parties will be referred to as they appeared in the trial court.

The Inter-State Trust Company ·sued Loftess Olson, Dona Olson, Boyd M. Sterrett, F. A. Sterrett, and the Atkinson-Warren & Henley Company to foreclose a mortgage in the sum of $5,000, dated August 10, 1915, executed by Loftess Olson and Dona Olson, as husband and wife, to the Conservative Loan Company, afterwards the Conservative Loan & Trust Company.

Loftess Olson and Dona Olson, makers of the note and mortgage, sold and conveyed the land involved . in this case to Charles E. McPherren, who did not assume or agree to pay the debt secured by the mortgagor. Subsequent thereto, McPherren sold and conveyed said land to the Sterretts. At the time of filing this suit, Boyd M. Sterrett and F. A. Sterrett, defendants, as owners of the land, contested this cause of action. On or about the 15th day of November, 1915, the Conservative Loan Company transferred and assigned the notes and mortgage to the Inter-State Trust Company, which assignment was filed of record· July 27, 1916, in the office of the county clerk of Bryan county, Okla. In 1923, the Sterretts executed a mortgage on said land in favor of the Atkinson-Warren & Henley Company, one of the defendants, for the purpose of taking up the mortgage which had been .executed by Olson and wife.

The petition in the court below was an ordinary petition for the foreclosure of a mortgage. The Sterretts answered, admitting the execution of the note and mortgage by the Olsons, but further pleaded payment, that said note had been satisfied in full on or about the 10th day of May, 1923, payment of. said note being made to the Conservative Loan & Trust Company, of Shawnee, Okla.. which was at the time of said payment and

prior thereto the agent of the plaintiff, and which received said money as such.

The answer of the Atkinson-Warren & Henley Company pleaded payment, alleged that the payment was made to the Conservative Loan & Trust Company, which was the duly authorized agent of the plaintiff. Further answering, it stated that plaintiff had held out to the public and to this defendant and other defendants in this action that said Conservative Loan & Trust Company was the plaintiff's agent with the apparent authority to receive said payment of said note and mortgage, and that it is now estopped from denying the authority of said company so to do. It also pleaded the mortgage executed by the Sterretts to this defendant.

The Inter-State Trust Company filed a reply in which it denied that the Conservative Loan & Trust Company was acting as its agent in receiving said payment, alleging that plaintiff was at all times the owner and holder of said note and mortgage and that neither the Conservative Loan Company nor the Conservative Loan & Trust Company was the agent of the plaintiff, but acted as agent in said transaction of Loftess Olson and Dona Olson, his wife, and Boyd M. Sterrett and F. A. Sterrett.

Plaintiff also pleaded and attached as exhibit to its reply an application in writing executed the 10th day of August, 1915, by Loftess Olson and Dona Olson, appointing the Conservative Loan Company, a corporation, their agent for the purpose of procuring said loan and also to look after said loan, collect the interest and principal of the same, and to remit to the holder thereof when due; alleging that the Conservative Loan Company has been and is now agent of said Loftess Olson and Dona Olson, his wife, and that said contract of agency made the Conservative Loan Company, upon acquiring said land, the agent of the said Sterretts.

The cause came on to be heard and was tried to a jury. The plaintiff introduced its evidence and rested, and the defendants introduced their evidence and rested. At the close of defendants' testimony the plaintiff demurred to the testimony of the defendants on the ground that the evidence was insufficient to sustain a verdict in favor of the defendants, which demurrer was by the court overruled. Thereupon the counsel for plaintiff moved the court to instruct a verdict for plaintiff. Counsel for defendants moved the court to instruct a verdict for defendants. The court thereupon discharged the jury from further consideration of

said cause and thereafter entered a judgment finding for plaintiff and against defendants Boyd M. Sterrett and F. A. Sterrett for the amount of the note sued upon and also judgment for foreclosure of the mortgage. A motion for new trial was filed, overruled, and the defendants brought the cause here for review.

The petition in error presents seven assignments of error.

The fourth assignment of error is, the trial court committed error in admitting incompetent, irrelevant, and immaterial tesimony over the objection of the plaintiffs in error. The contract executed by the Olsons, which was not of record, was admitted in evidence to prove that the Conservative Loan & Trust Company was the agent of the Sterretts. Several cases are cited by defendant in error to support this ruling of the court, none of which are in point. The cases cited are cases in which the defendant who objected to the introduction of the contract was a party to said contract or had executed the same. In this case the Sterretts had no knowledge of the contract or the agreement between the Conservative Loan Company and the Olsons appointing the Conservative Loan Company their agent to look after said loan, collect the interest and principal, and pay the same to the investor. The Sterretts, not being a party to this contract, are not bound thereby, and it was error for the trial court to admit said contract in evidence to prove the Conservative Loan Company was the agent of the Sterretts.

Defendants', plaintiffs in error's, third assignment of error is that the court committed error in rendering judgment for the plaintiff below. It is the contention of plaintiffs in error that the Sterretts were not liable for the note sued on and that the personal judgment entered against them in this cause was error. This court had this question before it in Beardsley v. Stephens et al., 134 Okla. 243, 273 Pac. 240, the first paragraph of the syllabus of which reads as follows:

"Where the grantor, by deed, with a clause specifying that the grantee assumes the mortgage, conveys land upon which there is a mortgage debt for which said grantor was not personally liable, the grantee is not primarily liable for the deficiency arising on foreclosure sale, such clause and its acceptance being a mere agreement to indemnify the grantor, and not for the benefit of the holder of the mortgage, to whom the grantor owed no obligation, unless it

affirmatively appears from the evidence that the assumption clause in the deed was inserted expressly for the benefit of a third party within the meaning of section 4988, C. O. S. 1921."

Under the facts in the case at bar it was error for the trial court to enter a personal judgment against the Sterretts. Plaintiffs in error, defendants below, contend that the evidence conclusively shows that the Conservative Loan Company of Shawnee was the agent of the Inter-State Trust Company and payment to the Conservative Loan & Trust Company was a satisfaction of the indebtedness sued upon by plaintiff, and that this cause should be reversed with directions to the trial court to enter judgment for defendants.

While the evidence of agency is strong, we do not feel it conclusive. The defense of payment being an affirmative defense, and the allegation of the defendants that it was paid to the agent of the plaintiff and the question of agency being a question of fact, should be proven to the satisfaction of the court or jury.

Defendants contend that a certain certificate of guaranty executed by the Conservative Loan Company to plaintiff herein, which instrument provides that it should attend to the collection of interest and principal free of charge and remit therefor as soon as collected and that it would watch over and look after the loan until it should have been fully paid, coupled with the fact that the Conservative Loan Company did look after said loan and did collect the interest on said note as it became due, was sufficient to make out a prima facie case of agency. This certificate of guaranty, together with other evidence, is admissible to prove agency and should be admitted for what it is worth in arriving at the solution to this question.

Plaintiff, defendant in error, contends that when the defendants asked the discharge of the jury, this amounted to a waiver of a trial by jury, and therefore the rule that the judgment of the trial court in law actions has the same effect as the finding of the jury, and that where the same is reasonably supported by any competent evidence it will not be disturbed on appeal. We fail to find anything in the record that discloses that defendants waived trial by jury. It is true the journal entry of judgment contains language indicating that the defendants waived trial by jury, probably on the presumption that where both sides move for an instructed verdict the same constitutes a

waiver of a trial by jury. This is not the law in Oklahoma. The defendant in error, plaintiff below, at page 10 of its brief, says:

"We are unable to find where this court has construed a similar state of facts, but the same question has been before the courts of other states and of the United States many times"

—and cites the case of General Motors Acceptance Corporation v. Salter, 290 S. W. 584, wherein both parties had moved for an instructed verdict, in which the Supreme Court of Arkansas says:

"Both parties asked for an instructed verdict, whereupon the court took the case from the jury and rendered a judgment in favor of appellee. The judgment is, therefore, the same as the verdict of a jury and must stand on appeal, if supported by substantial evidence, under any view of the law."

This court in the case of Farmers Nat. Bank of Tecumseh v. McCall, 25 Okla. 600, 106 Pac. 866 in the fifth paragraph of the syllabus, says:

"Plaintiff and defendant in the trial court having each verbally moved for peremptory instructions, this did not constitute a waiver of the right to have a verdict returned by the jury."

Also, see Hogan v. Milburn, 44 Okla. 641, 146 Pac. 5; Atwood et al. v. Nassey, 54 Okla. 178, 153 Pac. 629; Taylor v. Wooden et al., 30 Okla. 6, 118 Pac. 372.

An examination of the record discloses that the defendants did not except to the action of the trial court in discharging the jury, but acquiesced therein, so the error was waived by the defendants in not preserving the same of record.

Other questions are presented which are unnecessary to determine on this appeal. The contract executed by the Olsons to the Conservative Loan Company, wherein the Conservative Loan Company was made the agent of the Olsons, was not admissible as against the Sterretts, subsequent purchasers of the land. The Sterretts were not liable on the note and mortgage of the Olsons, and the judgment of the trial court in that respect was error.

The case is therefore reversed and remanded, with directions to grant the defendants, Boyd M. Sterrett, F. A. Sterrett, and the Atkinson, Warren & Henley Company, a corporation, a new trial.

MASON, C. J., LESTER, V. C. J., and HUNT, RILEY, HEFNER, CULLISON,

and SWINDALL, JJ., concur. ANDREWS, J., absent.

## On Rehearing.

RILEY, J. On rehearing it is contended that the opinion herein is in conflict with Green v. Struble, 122 Okla. 219, 253 Pac. 1010, in that herein the loan contract was held not admissible as against subsequent purchasers of the mortgaged land, whereas in the cited case it was held error not to admit the loan contract in evidence as against such subsequent purchasers of such land, as tending to prove agency. In the cited case it was said in reference to the loan contract:

"It was subject to recordation under section 5266, C. O. S. 1921, and in legal contemplation an 'instrument affecting real estate,' as contemplated by section 5267, supra, and the objection to its introduction upon that ground was not well taken."

The only manner in which we can justify the conclusion in Green v. Struble is that the loan contract was in fact recorded or that the subsequent purchasers had actual knowledge of the contract. In the instant case there is no sufficient showing that the subsequent purchasers had actual knowledge of the loan contract or that it was recorded. As between the original parties, such loan contract, the application for the loan, the note and mortgage, constitute one contract, but, as we view it, it is unreasonable and unjust to hold a subsequent purchaser liable to a contract of agency of which he has no notice.

In Winnebago St. Bk. v. Hall, 127 Okla. 219, 260 Pac. 497, it appears such a loan contract was recorded so as to bring notice to the subsequent purchaser of the land.

In Chase v. Commerce Trust Co., 132 Okla. 245, 270 Pac. 73, it does not affirmatively appear whether the loan contract was recorded or whether the subsequent purchaser of the land had actual knowledge of the contract. The question of notice was not discussed; we must presume there was no objection to the evidence upon the point here involved. So it is in the other cases cited.

Rehearing denied.

MASON, C. J., and HUNT, CLARK, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. LESTER, V. C. J., absent.