18648

SOUTHERN RAILWAY COMPANY, Appellant, v. SURETY INSURANCE COMPANY OF GREENVILLE, Respondent

(154 S. E. (2d) 561)

*Messrs. F. D. Rainey* and *E. P. Riley,* of Greenville, *for appellant,*

*W. W. Wilkins, Esq.,* of Greenville, *for respondent,*

*Messrs. F. D. Rainey* and *E. P. Riley,* of Greenville, *for appellant, in reply,*

May 9, 1967.

LITTLEJOHN, Justice.

Heretofore, Surety Insurance Company of Greenville, the respondent, insurer, admittedly issued a liability insurance policy to P. K. Howard covering his automobile. This automobile was in collision with an engine of the appellant railway company, resulting in a suit for damages brought by the appellant against Howard. The insurer undertook to defend the action and when the same came to trial, Howard did not appear; the respondent withdrew and declined to defend the case, and the appellant procured a verdict against Howard.

The respondent refused to pay the appellant's judgment, on behalf of Howard, on the grounds that the insured had failed to cooperate as required by the terms of the liability policy.

The instant action was commenced by the appellant to recover the amount of the judgment. The answer admitted the coverage and collision, but alleged the failure of Howard, the insured, to cooperate as a defense to the action.

After all of the evidence was presented, both the plaintiff and the defendant moved for a directed verdict. The court thereupon dismissed the jury and took the matter under advisement, under circumstances as reflected by a portion of the record copied from the transcript as follows:

"Mr. Wilkins: May it please the Court, the Defendant moves for a directed verdict on the ground that the only reasonable inference to be drawn from the testimony is that the Insured, P. K. Howard, failed to comply with his obligation to cooperate in the defense of the case by refusing to appear in Court after being notified of the date of trial, as required by the provisions of the policy whereby the defendant was thereby released from liability.

"Cites: Tucker Case.

"The Court: What question do we have here to submit to a jury? Isn't it a question for the Court to decide?

"Mr. Riley: Your Honor, we were going to join in the motion. I think it's a question of whether or not it's reasonable cooperation. Ordinarily whether or not there is a cooperation is a matter for the jury, a question for the jury as to whether or not cooperation was present or not. We were going to join in the motion, Your Honor, which you could very well take from the jury and decide it yourself.

"The Court: Well, I think I'll do that.

"Do you have any objection to that?

"Mr. Wilkins: If he joins in my motion I'll be very happy for him to.

"The Court: He's not joining in your motion.

"Mr. Riley: I'll join in a motion for a directed verdict for the plaintiff.

"The Court: He's joining in a motion as to a directed verdict for· the plaintiff.

"Mr. Wilkins: I understand.

The Court: Bring the jury in.

"Jury In: 3:18 P. M."

Subsequently, an order was filed by the judge, denying any relief to the appellant against respondent. The following is taken from that order:

"At the conclusion of the testimony, the case was withdrawn from the jury by reason of motions on the part of the parties for a directed verdict. After giving the matter careful consideration, the Court is of the opinion that defendant's motion for a directed verdict should be granted, since I find from the testimony that the insured, P. K. Howard, failed to cooperate with the defendant and thereby breached the cooperation clause contained in his policy and that this defendant was substantially prejudiced in said action by the failure of said insured to cooperate."

The appellant raises two questions for the court to determine: (1) Was it error for the judge to take the case from the jury?—and—(2) Was it error on the part of the trial judge to direct a verdict and find that the insured failed to cooperate and breached the contract of the insurance?

We think that the ruling of the trial judge, and especially the language from his order quoted above, must be construed in the light of the positions taken by counsel for both sides at the end of the testimony when the two motions for a directed verdict were made. The appellant submits that it is not the law of this state that concurrent motions by plaintiff and defendant for directed verdicts take the case from the jury and submit all issues of fact and of law to the judge. This position is certainly correct. See *Greenville County v. Stover,* 198 S. C. 240, 17 S. E. (2d) 535.

A research of the law indicates that formerly such a rule was the law in a majority of the states, but never in South Carolina. At the same time, all jurisdictions have held, whether this rule applies or not, that litigants and counsel may waive the right of a jury trial and submit all questions of both law and fact to the judge alone. And when this is done, the judge substitutes for the jury, and his findings of fact are conclusive unless unsupported by the evidence.

The rule in this state is consistent with that stated in Trial, 53 A. J. 275:

"In any event where, after both parties have requested a directed verdict, they concur in the suggestion of the court that there is no disputed question of fact, the defeated party cannot complain because the case was not submitted to the jury."

And page 277:

"* * * the courts supporting the minority rule that the mutual request for a directed verdict does not waive the right to have the case submitted to the jury admit that waiver results where all issues are understandingly submitted to the court at the close of all the evidence."

Also page 278:

"But even these courts hold that requests for directed verdicts from both parties, together with an express or implied consent to allow the court to dispose of the case, will effect a waiver of submission of the case to the jury."

The case of *Sterrett et al. v. Interstate Trust Company,* 140 Okl. 125, 282 P. 290, involved facts similar to those before us, and the ruling of the Oklahoma Court is pertinent here:

"An examination of the record discloses that the defendants did not except to the action of the trial court in discharging the jury, but acquiesced therein, so the error was waived by the defendants in not preserving the same of record."

A South Carolina case closely in point is *Southern Railway Company v. Routh,* 161 S. C. 328, 159 S. E. 640, from which the following is taken:

"The record discloses that after counsel for the defendant had made a motion for direction of a verdict, counsel for the plaintiff (appellant before this court) made this statement before the trial judge: 'I agree with counsel it is within the province of the court to direct a verdict one way or the other in this case, and under the evidence the Court should do so, and I move therefore for a directed verdict on the grounds,' and thereupon stated plaintiff's grounds for a

directed verdict. Thereupon, the trial judge considered and passed upon the issues of fact as well as law, and rendered a decision adverse to appellant's contention. In our opinion, the trial judge was justified in concluding that counsel conceded that there was no question to be submitted to the jury, and the question cannot now be raised in this court."

The wording of the trial judge's order standing alone, when he said, "* * * the case was withdrawn from the jury by reason of motions on the part of the parties for a directed verdict," is susceptible of the inference that he was applying the doctrine of imputed waiver; but when the order is read in connection with what occurred at the end of the testimony, we conclude that the trial judge did not misconstrue the law of this state on this point. We rather think that he justifiably concluded that neither party wanted the jury to write a verdict and, accordingly, he correctly assumed control of the entire case.

Both parties having assented to the discharge of the jury, neither has standing here to complain that issues of fact were not submitted to it. In this light, it is unnecessary to decide the controverted question of whether submission of the entire case to the court was intended or agreed upon by counsel, and we refrain from doing so.

Having concluded that the judge properly assumed control of the entire case, we hold that he became sole judge of the law and the facts. As judge of the facts, his finding that Howard, the insured, failed to cooperate as required by the insurance policy is supported by the evidence.

The second question submits that jury issues were before the court, but assuming this to be true, since we have held that the judge substituted for the jury, it is not necessary to dispose of this question because the result would inescapably be the same, whether the judge ordered up judgment by directing a verdict or reached his findings by reason of the preponderance of the evidence.

The direction of a verdict of necessity included the lesser degree of proof "by the preponderance of the evidence."

Let the ruling of the lower court be,

Affirmed.

Moss, C. J., and Lewis and Brailsford, JJ., concur.

Bussey, J., concurs in result.