0348

HODGES CONCRETE PRODUCTS, INC., Plaintiff-Respondent, v. James O. FLETCHER, d/b/a/ Fletcher Construction Company, Defendant-Respondent, and Randall O. Ashley, d/b/a Ashley's Used Cars and Linda McClain, Defendants-Appellants.

(324 S. E. (2d) 343)

Court of Appeals

*Harold R. Lowery* and *Richard E. Thompson, Jr.*, of *Law Office of Lowery & Hood*, Anderson, *for defendants-appellants Ashley and McClain.*

*Tom W. Dunaway, III*, Anderson and *James H. Cassidy*, of *Law Offices of Robertson & Cassidy*, Greenville, *for respondents.*

Heard Oct. 16, 1984.

Decided Dec. 20, 1984.

GARDNER, Judge:

Hodges Concrete Products, Inc. (Hodges) brought this mechanics lien foreclosure action against James O. Fletcher, d/b/a Fletcher Construction Co., (Fletcher), Randall O. Ashley (Ashley) and Linda McClain (McClain). The pleadings are not of record. From the statement of the case, it appears that (1) all defendants answered, (2) Ashley and McClain cross-claimed against Fletcher, and (3) Fletcher filed an answer and cross-claim to the cross-complaint. Subsequently, the plaintiff noticed all defendants of a motion to refer the matter. No date for the hearing was contained in the notice and there is a question as to whether the defendants were notified about the time of the hearing. Nevertheless, the cause was referred to Ellis B. Drew, Jr., the Master in Equity for Anderson County, and Ashley and McClain received copies of the order of reference. No appeal was made from the order of reference; thereafter, a hearing which was set for November 19, 1981, was postponed and rescheduled for November 23, 1981, and this hearing was rescheduled at the request of appellants Ashley and McClain for December 2, 1981. On December 2, 1981, the case was again continued at the request of appellants Ashley and McClain. In chambers with all parties represented, it was agreed that a hearing on the matter would be held on December 9, 1981. On December 7, 1981, appellants Ashley and McClain filed a motion for a jury trial, which was heard by the master on December 9, 1981, and denied. On appeal to the circuit judge, the order of the master was confirmed. From the denial of the motion for a jury trial, appellants Ashley and McClain appeal. We affirm.

Ashley and McClain premised their case on Section 29-5-230, Code of Laws of South Carolina, 1976, as amended, which provides:

Section 29-5-230. Jury shall decide questions of fact.

Every material question of fact arising in the case shall be submitted to a jury, *if required by either party or deemed proper by the court,* and the trial shall be had upon a question stated or an issue framed or otherwise, as the court may order. A jury shall be had before a magistrate only as in other civil cases. (Emphasis ours.)

This statute is part of the statutory scheme of enforcing mechanics' liens. It has been held to create a mandatory right of trial by jury when requested. *See Metz v. Critcher,* 83 S. C. 396, 65 S. E. 394 (1909); but this does not negate the rule that a jury trial can be waived in South Carolina. Litigants may waive the right of jury trial. *See Southern Railway Company v. Surety Insurance Company of Greenville,* 249 S. C. 407, 154 S. E. (2d) 561 (1967), wherein the court held that the right to trial by jury may be waived by a motion for directed verdict.

We hold that the motions for continuance of the hearings before the master and the agreement by Ashley and McClain to hear the matter on December 9, 1981, constituted a waiver of their right to a jury trial prescribed by Section 29-5-230, Code of Laws of South Carolina, 1976.

Affirmed.

SANDERS, C. J., and BELL, J., concur.