## KASKASKIA LIVE STOCK INS. CO. v. HARVEY BROS.

No. 11720—Opinion Filed Oct. 23, 1923.

1. **Insurance — Forfeiture of Policy — Waiver by Retention of Premium — Estoppel.**

The retention by the insurer, with full knowledge of a breach by the insured of the conditions of the policy, of the unearned premium paid to it, and a failure to tender a return thereof to the insured when pleading a forfeiture in an action against the insurer on the policy, amount to both waiver and estoppel in pais.

2. **Appeal and Error — Review of Evidence — Defective Brief.**

Where no abstract of the evidence is contained in the brief of the plaintiff in er-

ror, assignments of error which require an examination of the evidence will not be considered by the Supreme Court.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Love County; Thos. W. Champion, Judge.

Action by Harvey Brothers against Kaskaskia Live Stock Insurance Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

R. A. Keller, for plaintiff in error.

Sigler & Jackson, for defendants in error.

Opinion by FOSTER, C. This action was commenced in the district court of Love county, Okla., by Harvey Brothers, a copartnership composed of Ed Harvey and P. J. Harvey, defendants in error, plaintiffs below, against Kaskaskia Live Stock Insurance Company, a corporation, plaintiff in error, defendant below, to recover on an insurance policy. The parties will be hereinafter referred to as they appeared in the court below.

The policy was issued on the 29th day of April, 1918, insuring the plaintiffs against loss by death from disease of a certain bull owned by the plaintiff, was forwarded to the local agent at Marietta, Okla., and delivered to the plaintiffs on the 24th day of May, 1918. The animal died the next day, May 25, 1918, and the defendant declined to pay.

The answer of the defendant admitted the execution of the policy, but denied liability thereon for the reason that no notice of the sickness of the animal was given the company as required by the terms of the policy, and for the further reason that the animal was sick at the time the policy was delivered.

The plaintiffs filed a reply alleging that the defendant had waived all defenses it might have under the terms of the policy, and was estopped from setting up special defenses contained in said answer.

The cause was tried to a jury and upon the conclusion of the testimony, the court instructed the jury to return a verdict in favor of the plaintiffs for the full amount sued for. Motion for a new trial was filed and overruled, exceptions allowed and the defendant appeals.

The following errors are assigned:

(1) The verdict of the jury is not supported by the evidence and is contrary to the law.

(2) The court erred in overruling the motion of the defendant for an instructed verdict, which motion was interposed upon the conclusion of the testimony offered by the plaintiffs.

(3) The court erred in instructing the jury to return a verdict for the plaintiffs.

It is agreed that the policy issued to the plaintiffs by the defendant contained the following conditions:

"That it is agreed that this policy shall not be in force until it has been paid for and delivered to the insured by his postmaster, letter carrier, or the company's agent, which must be while the animal or animals it is intended to cover are in perfect health and condition. * * *

"It being agreed that any delivery of this policy which is made while the animal or animals are not in good health shall not be valid or binding on the Kaskaskia Live Stock Insurance Company. * * *

"Notice of sickness or accident must be given to the home office at Shelbyville, Illinois, at once direct, and not through agents, which notice shall be by telegrams and confirmed by letter within 24 hours thereafter. The failure to perform any of the requirements above mentioned as embodied in this paragraph shall release this company from any and all liability under this policy."

The plaintiffs relied upon a waiver by the defendant of the above conditions of the policy and the trial court sustained this contention. It is admitted by counsel for defendant in its brief that the premium was paid to the local agent of the defendant by the plaintiffs at the time the policy was delivered, and that in spite of the fact that the policy in controversy was what is known as a "home office policy," such agent had authority to collect premiums.

There is no allegation in the answer of the defendant of any tender or return to the plaintiff of the unearned premium paid, and as we understand the rule, a failure to tender or return the unearned premium is a waiver of a breach of the conditions of the policy, where the authority of the agent to receive payment of the premium is admitted. This principle does not rest upon the power and authority of the local agent to waive conditions in the policy, where he did not have authority to execute the policy, and where the policy is a "home office policy," issued direct by the president and secretary of the company, but arises in spite of a lack of such authority on the part of the local agent where in the exercise of admitted authority he

collects premiums for the company, and the company, insisting upon a forfeiture, fails to tender or return this premium.

In 26 C. J. 327, it is said:

"A failure of the insurer to tender a return of the unearned premium when pleading a forfeiture in an action against it on the policy is a waiver."

In the case of Pacific Mutual Life Ins. Co. v. O'Neil, 36 Okla. 792, 130 Pac. 270, this court said:

"* * * If appellant desired to avoid this policy for the reason pleaded, it was required to act with reasonable promptness after acquiring knowledge of the facts, and thereupon it was its duty to notify appellees of its decision to avoid the policy, and the reasons therefor, and to return or tender, or in some appropriate way manifest its willingness and readiness to restore the unearned premium received. * * *

"The answers should have pleaded the covenants or conditions relied upon, a breach, and the acts done by the appellant in pursuance of its election to avoid the contract. * * *

"It must therefore follow that there was no consideration for the premium received, and good faith and common fairness required its prompt return; and the insurer, by retaining such premium with full knowledge of the facts, waives the right to insist upon a forfeiture of the policy."

In the case of Schreiber v. German-American Hail Ins. Co., 43 Minn. 367, 45 N. W. 708, it was said by the Supreme Court of Minnesota:

"After it learned that it might elect to avoid the policy, honesty required that, before so electing, it should restore the money, payment of which was thus exacted. The retention of that money was—in morals, certainly—inconsistent with an intention to avoid the policy. * * *

"Under the circumstances, it was defendant's duty, as soon as it learned of the breach of condition, to determine whether it would abide by the policy, and retain the premiums, or restore them, and elect to avoid it. It has never returned, nor offered to return, the premiums, and by retaining them must be deemed to have elected to abide by the policy."

In the case of German Ins. Co. v. Shader (Neb.) 93 N. W. 972, the following language was used:

"* * * It is true the money was sent back to the agent afterwards. But no one at any time paid or tendered it back to Mr. Shader. Something more than a mere return to the agent with instructions which have never been executed was necessary. The company had the duty of seeing that the money was restored, or at least tendered. It was not Mr. Shader's duty to search for the representative of the company who might happen to have it. Cases where a person has assumed to act as agent without the authority, such as Turner v. Brooks, 2 Tex. Civ. App. 451, 21 S. W. 404, are not in point. In this case the agent had a general authority to receive and collect premiums."

But as before pointed out, and aside from whether or not the defendant waived a forfeiture of the conditions of the policy by failing and refusing to tender a return of the premium, the trial court found that the plea of estoppel interposed by the plaintiffs was sustained by the uncontroverted evidence, and instructed the jury to return a verdict for the plaintiffs on the evidence.

The assignments of error relied upon by the defendant for reversal of the case present but the one question of the sufficiency of the evidence to sustain the verdict of the jury, but the defendant has not set out in its brief an abstract or abridgment of the evidence upon which it bases its claim that the court erred in overruling the motion of the defendant for an instructed verdict and in granting the peremptory instruction requested by the plaintiffs.

In these circumstances the Supreme Court will not search the record to find some theory upon which it might reverse the judgment of the trial court, but will either dismiss the appeal or affirm the judgment. Under the rules of this court, assignments of error which require an examination of the evidence will not be considered where an abstract of the evidence complained of is omitted in the brief.

City of Chickasha v. White, 45 Okla. 631, 146 Pac. 578; Taylor v. Taylor, 90 Okla. 128, 215 Pac. 1070; Whitehead v. Whitehead 91 Okla. 136, 217 Pac. 374; Oklahoma City v. Sheldon, 87 Okla. 270, 210 Pac. 921; Penny v. Fellner, 6 Okla. 386, 50 Pac. 123, and numerous other cases.

For the reasons stated in the opinion the judgment of the trial court should be affirmed.

By the Court: It is so ordered.