## UNITED STATES CASUALTY CO. v. JACKSON.

No. 25707.   June 25, 1935.

Pierce, Follens & Rucker, for plaintiff in error.

Sigler & Jackson, for defendant in error.

GIBSON, J. This action was commenced in the district court of Murray county by Frank Jackson, referred to herein as plaintiff, against United States Casualty Company, a corporation, hereinafter referred to as defendant, to recover for an alleged loss under an insurance policy. The policy covered certain personal property in the form of jewels and clothing of a certain specified character, and insured the same against loss by "burglary, larceny, theft or robbery of any of the property insured hereunder, from within the premises occupied by assured as defined in the Declarations."

Further provisions of the policy were:

"The company shall not be liable for any loss or damage:

"(b) If the conditions or circumstances of the risk are materially changed unless such changes are indorsed hereon and signed by an executive officer and countersigned by a duly authorized representative of the company."

Condition No. 21 provides:

"* * * No provision or condition of this policy shall be waived or altered except by indorsement attached hereto and signed by an executive officer of the company; nor shall notice to any agent, or any knowledge possessed by any agent or by any other person, be held to effect a waiver or change in any part of this policy. Changes in the written portion of the declarations, if initialed by any manager, assistant manager or general agent of the company, shall bind the company and the assured. The personal pronoun herein used to refer to the assured shall apply regardless of number or gender."

Item 2 in the Declarations is as follows:

"The location of the premises containing the property insured is 703 South Okfuskee, Wewoka, Seminole county, Oklahoma."

The policy was issued February 11, 1932.

Plaintiff alleges that he moved from the Wewoka address to the city of Sulphur prior

to April 17, 1932; that he notified one H. J. McClure, the person who solicited the policy, of his change of residence, and that his loss of jewelry occurred the night of April 17, 1932. It is further alleged that if McClure failed to have plaintiff's address changed as he had agreed to do, the said McClure was acting as agent of the defendant, and the plaintiff relied on said promise, all of which he had a right to do. Plaintiff sought judgment for $1,500, the value of the jewelry allegedly stolen.

The defense was that the policy covered property in the premises in Wewoka and not in Sulphur; that no endorsement was executed in accordance with the policy changing the location of the property; that if such endorsement was made, it was without consent or knowledge of defendant, and done by someone without authority; and the agency pleaded in the petition was specifically denied. Tender of that portion of the premiums paid for the time after removal of the property from Wewoka was made by defendant.

On completion of the evidence both parties moved for a directed verdict, whereupon the court, without specific ruling on either motion, instructed the jury to fix a reasonable cash value on the property and return a verdict for the plaintiff in that amount. The defendant duly saved exceptions to this instruction.

From the judgment rendered the defendant has appealed, assigning certain errors which are presented under the proposition as follows: The court erred in directing a verdict for the plaintiff, and erred in failing to direct a verdict for the defendant.

Plaintiff states that this appeal should be dismissed. It is said that since the court did not rule on defendant's motion for directed verdict, this matter is not saved for review by this court, and it is argued that the exception to the court's instruction was not sufficient to save the question as stated in defendant's proposition. A motion for a directed verdict is not a request to charge the jury. It presents only an issue of law, and a ruling thereon is a decision upon the merits of the case, 64 C. J. 421, and, as stated in 64 C. J. 421, "Direction of a verdict is simply the announcement of the order made upon sustaining the motion." When the court in the present case announced no specific ruling on the motion of either party, but immediately instructed a verdict for the plaintiff, that instruction was a ruling upon

both of said motions, having as its effect the overruling of the one on the part of defendant and the sustaining of the one on the part of plaintiff. Therefore, defendant's objection and exception to the instruction directing a verdict was an objection and exception to the ruling of the court upon the motions of both parties, and such exception properly presents to this court the errors complained of.

While in some jurisdictions it is the law that motions by both parties for a directed verdict waives trial by jury, it is not so in this state. Farmers National Bank v. McCall, 25 Okla. 600, 106 P. 866; Taylor v. Wooden, 30 Okla. 6, 118 P. 372; Hogan v. Milburn, 44 Okla. 641, 146 P. 5; Sterrett v. Interstate Trust Co., 140 Okla. 125, 282 P. 290; Mid-Continent Life Ins. Co. v. Tackett, 149 Okla. 147, 299 P. 862. If the action of the parties waived a jury, then the decision of the court had the same effect as a verdict of the jury and the only question left for review would be whether there was evidence to support the decision and whether the law was correctly applied. 26 R. C. L. 1081; Mulkey et al. v. Anglin et al., 166 Okla. 8, 25 P. (2d) 778; Redd et al. v. Warehime, 166 Okla. 128, 26 P. (2d) 142; sec. 20, art. 7 of the Constitution.

A jury not having been waived, it is necessary to separately consider the trial court's ruling on the respective motions. As to the plaintiff's motion, the test of the correctness of the ruling thereon is, if there was evidence at the trial reasonably sufficient to sustain a verdict for defendant, if given, then the trial court erred in directing a verdict for plaintiff. First National Bank of Ardmore et al. v. Spiers, 130 Okla. 60, 265 P. 137. In that case the applicable rule is restated from Solts v. Southwestern Cotton Oil Co., 28 Okla. 706, 115 P. 776, as follows:

"The question presented to a trial court on a motion to direct a verdict is whether, admitting the truth of all the evidence which has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn from it, there is enough competent evidence to reasonably sustain a verdict should the jury find in accordance therewith. Where the evidence is conflicting and the court is asked to direct a verdict, all the facts and inferences in conflict with the evidence against which the action is to be taken must be eliminated entirely from consideration and totally disregarded, leaving for consideration that evidence only which is favorable to the party

against whom the motion is leveled." Cooper v. Flesner, 24 Okla. 47, 103 P. 1016.

In the event the evidence would have reasonably supported a verdict for defendant, the trial court was without authority to deprive defendant of the right to a submission of the issues to the jury.

Plaintiff sought to establish, first, the relationship of principal and agent between the defendant and R. J. McClure; second, the relationship of principal and agent between defendant and E. D. Smith; third, that defendant's general agent received notice of loss occurring at Sulphur at the same time he accepted the premium on the policy.

Plaintiff testified that he notified McClure when he removed from Wewoka to Sulphur. It is contended that notice to McClure was notice to defendant, and was sufficient to constitute a waiver of the condition in the policy. The evidence on this point was that McClure solicited the policy from plaintiff; took plaintiff to the office of E. D. Smith, who filled out the application; that McClure later delivered the policy to plaintiff and collected the premium. The premium was turned over to Smith. Smith was an insurance broker and held no appointment as agent of defendant. McClure, according to his own testimony, was not known to defendant or to its general agent. On this point, plaintiff has failed to produce evidence tending to establish the relationship of principal and agent between defendant and McClure either by appointment or by operation of law.

As to the second point, plaintiff introduced a letter written by McClure to plaintiff, as follows:

"March 10, 1932.

"Dear Mr. Jackson:

"I will tell Roy Smith to change your address to 926 South West Muskogee, Sulphur, Oklahoma. And thereafter this policy will cover loss at this place.

"Now Mr. Jackson if you change your address again let me know and I will tell Mr. Smith it. Sorry to hear you are sick. How are you feeling better now.

"(Signed) R. J. McClure

"Sincerely.

"R. J. McClure, 103 West 9th."

Thus plaintiff sought to bind defendant by proving notice to Roy Smith. Roy Smith was a lawyer. According to plaintiff's own witness, McClure, Roy Smith did not write insurance; that the reason he notified Roy was that E. D. Smith was dead and Roy

Smith was engaged in settling his affairs. The record is entirely devoid of evidence tending to establish the relationship of principal and agent between defendant and Roy Smith. The letter introduced was entirely lacking in probative value as to the question of charging defendant with notice of plaintiff's change in residence. The letter says: "I will tell Roy Smith to change your address. * * * If you change your address again let me know and I will tell Mr. Smith." Its only value was to charge plaintiff with notice that McClure was without authority to authorize the change in the policy.

Plaintiff testified he wrote Smith Brothers (E. D. Smith and Roy Smith) of his change in residence. No letter was offered in evidence. A letter from Roy Smith to plaintiff was introduced on behalf of plaintiff wherein it is stated that Smith Brothers had not been advised of any change in residence. The only reasonable inference that can be drawn from all the evidence on this point is that E. D. Smith was dead when the letter was allegedly written by plaintiff to Smith Brothers. Obviously, Roy Smith not being an agent of defendant, and assuming that E. D. Smith was an agent, E. D. Smith being dead, notice to them could serve no purpose in this action.

It appears from a careful examination of the record and briefs that plaintiff relies principally upon the third ground, as above stated, for an affirmance of the judgment. The evidence on this point is that Roy Smith, after E. D. Smith's death, delivered the premium to the general agent of defendant and at the same time notified him of the loss and that the loss occurred at Sulphur instead of Wewoka. E. D. Smith was authorized to deliver the policy and collect the premium. This evidence is undisputed.

Plaintiff says that the defendant's retaining all the premium after notice of the violation by plaintiff of the conditions of the policy amounts to a waiver of the alleged forfeiture, and that a tender in the answer of the portion of the premium represented by the period after removal from Wewoka was too late to avoid such waiver and to claim a forfeiture of the policy. In support of this contention plaintiff relies upon certain decisions of courts of other jurisdictions and upon Kaskaskia Live Stock Ins. Co. v. Harvey Bros., 93 Okla. 107, 219 P. 672; Sovereign Camp W. O. W. v. Pettigrew, 98 Okla. 138, 224 P. 545; Knights & Ladies

of Security v. Bell, 93 Okla. 272, 220 P. 594; and State Mutual Ins. Co. v. Green, 62 Okla. 214, 166 P. 105; Pacific Mutual Life Ins. Co. v. O'Neil, 36 Okla. 792, 130 P. 270.

The defendant's state agent testified that when he accepted the premium he was informed that the loss had occurred in Sulphur. There is no evidence indicating that the plaintiff had removed all the insured property to Sulphur, or that plaintiff no longer claimed coverage of property in Wewoka. The contract of insurance continued in full force on property of plaintiff at the address in Wewoka. That a loss of a portion of the property insured occurred in Sulphur cannot be said to be a forfeiture of the policy as to other property remaining in Wewoka. In the absence of evidence of notice to defendant or its duly authorized agent that plaintiff no longer claimed coverage in Wewoka, knowledge of forfeiture cannot be imputed to defendant. Therefore, retention of the premium prior to actual knowledge on the part of the defendant that plaintiff no longer claimed protection in Wewoka, but in Sulphur, could not be a waiver of the forfeiture.

The first knowledge that could be imputed to defendant of plaintiff's removal of his residence from Wewoka to Sulphur is in the amended petition filed May 17, 1933. In due course of the proceedings, answer was filed November 3, 1934, wherein tender of unearned premium was made.

The facts in each case relied upon by plaintiff differ materially with the facts in the present case. In those cases the insurer was charged with knowledge, prior to the litigation, of acts on the part of the insured sufficient to constitute a forfeiture, or there was no tender of unearned premium. It is true that when the insurer acquires knowledge of a forfeiture of a policy it must act with reasonable promptness to notify the insured of its intention to avoid the policy, and to return, or tender, the unearned premium. Pacific Mutual Life Insurance Co. v. O'Neil, supra. In the absence of such reasonable promptness, the insurer is said to waive such forfeiture. We see no unreasonable delay on the part of defendant in tendering the unearned premium in the present case.

When suit is commenced on a contractual obligation and the defendant denies liability thereon by reason of an alleged forfeiture by plaintiff of his rights under the contract, and the first knowledge of such forfeiture is brought to defendant in the course of the litigation, and the success of defendant depends on a tender or return of any benefits received under said contract subsequent to the alleged forfeiture, tender thereof in the due course of such litigation is sufficient and does not amount to an unreasonable detention of the benefits received.

For the reasons herein stated, we hold that plaintiff wholly failed to establish his case against defendant; that the trial court was in error in its application of the law to the admitted and proven facts by directing a verdict for plaintiff, and that defendant's motion for a directed verdict on both counts of the petition should have been sustained.

The judgment of the trial court is therefore reversed and the cause remanded, with instructions to enter judgment for defendant.

McNEILL, C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.