The CONNECTICUT FIRE INSURANCE COMPANY, Plaintiff in Error,

v.

F. L. JOHNSON, Defendant in Error.

No. 36849.

Supreme Court of Oklahoma.

Dec. 20, 1955.

Rehearing Denied Feb. 21, 1956.

' Hanson, Green & Moran, Clarence P. Green, Oklahoma City, for plaintiff in error.

Cochran & Gibbon, Richard D. Gibbon, Tulsa, for defendant in error.

PER CURIAM.

This action was commenced in the Court of Common Pleas, Tulsa County, by F. L. Johnson, referred to herein as plaintiff, against The Connecticut Fire Insurance Company, a corporation, herein referred to as defendant, to recover for an alleged loss under an insurance policy. The policy covered damage to an automobile owned by plaintiff on which recovery was sought after it was damaged in a collision.

The cause proceeded to trial before the court and a jury. The trial judge sustained the plaintiff's motion for judgment on the pleadings and opening statement for defendant and entered judgment for plaintiff for $455.10 with interest and costs. The defendant insurance company appeals.

By answer defendant pleaded that the policy was procured by fraud and misrepresentation in that the plaintiff represented himself employed as an electrical contractor when he was in fact a bootlegger; and that such misrepresentation was material in that defendant would not have entered into the insurance contract if the true facts were known. Defendant prayed that plaintiff be denied the relief sought in the petition.

Plaintiff's reply generally denied the allegation of the answer insofar as averments of the petition were denied and later by amended reply pleaded waiver by defendant of all defenses.

The matter proceeded to trial on the issues so drawn. Plaintiff moved for judgment on the pleadings and the opening statement for defendant on the ground that there were no allegations in defendant's pleadings tendering repayment of the premiums paid by plaintiff and admission by counsel in defendant's opening statement that the full amount of such premiums had not been returned.

The court reserved ruling on the matter and plaintiff testified establishing the policy and damage to his automobile. He admitted on cross-examination that he was engaged in bootlegging at all times pertinent to this suit. Defendant's demurrer to the evidence was overruled.

The trial court, before action was taken on plaintiff's motion for judgment on the pleadings and opening statements, accorded both parties the opportunity of amendments to the pleadings and established the contention of each clearly by inquiry and the responding statements of counsel incorporated into the record. Briefly summarized defendant relied upon the contention that "the policy was void at conception and no contract ever existed" and that no duty rested upon defendant to tender back all of the premium received. Defendant admitted that it was retaining $21.25 of the original premium "that had not yet been returned, that if defendant won the law suit, it would be obligated to return that; that if defendant lost the law suit, then the premium would be earned and would be entitled to keep." Plaintiff contended that by failure to tender defendant had waived its defense.

There was no contention but that plaintiff, if entitled to recover, should have the amount for which judgment was entered.

Defendant urges error under three propositions. In substance, defendant argues that where the petition states a cause of action and the answer a defense it is error to render judgment on the pleadings and opening statement absent a solemn admission barring recovery; that return of premium is not a condition precedent to making a defense where the defense is based on facts discovered after the loss and that it was error to overrule defendant's demurrer to the evidence where plaintiff's evidence established the defense of fraud.

While we accord the defendant insurance company every presumption that it was unwilling to countenance the unquestioned illegal pursuits of plaintiff, who was admittedly a bootlegger, and lend indirect aid to him by contracting for insurance on his automobile which might be used in his illegal activities, and thereby presume that it would not have, with knowledge of plaintiff's illicit trade, issued the policy, that question is not here pertinent. Defendant seeks to avoid liability on the policy on grounds of misrepresentation and fraud bottomed on the fact that plaintiff was regularly in violation of the prohibition laws of the State of Oklahoma, which fact was unknown to insurer at the time of issuance of the policy, taking the position that "the policy was void at conception and no contract ever existed." The company then, under such contention, seeking the aid of the court, was under the obligation fixed under the decisions of this court, of returning the premium paid by plaintiff. Kaskaskia Live Stock Ins. Co. v. Harvey Bros., 93 Okl. 107, 219 P. 672; Federal Life Ins. Co. v. Whitehead, 73 Okl. 71, 174 P. 784.

We are not now confronted by a question as to when such return or tender might properly be made by reason of the necessity thereof prior to the determination of the merits in the action. Defendant refused to make full and unqualified tender.

The failure of the insurer to tender all the unearned premium while pleading avoidance of liability on the policy and continued refusal to so tender is inconsistent with an intention to void the policy. Upon defendant company's refusal to so tender, the trial court under the pleadings and statements of counsel was justified under the situation then existing in rendering the judgment. The retention by the defendant insurer of portion of the unearned premium with knowledge of the facts upon which its claimed relief of avoidance of liability was based amounted to both waiver and estoppel in pais. Kaskaskia Live Stock Ins. Co. v. Harvey Bros., supra.

In view of the conclusion so reached arguments by defendant under the remaining propositions are without merit.

Affirmed.

WILLIAMS, V. C. J., and CORN, HALLEY, JACKSON and HUNT, JJ., concur.

WELCH and DAVISON, JJ., concur in result.

BLACKBIRD, J., dissents.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner J. W. CRAWFORD and approved by Commis-

609

sioners JEAN R. REED and JAMES H.
NEASE, the cause was assigned to a Jus-
tice of this Court for examination and re-
port to the Court. Thereafter, upon report
and consideration in conference, the fore-
going opinion was adopted by the Court.