**GREAT AMERICAN RESERVE INSURANCE COMPANY OF DALLAS,**
Plaintiff in Error,

v.

**Leara L. STRAIN, Defendant in Error.**

No. 39165.

Supreme Court of Oklahoma.

Nov. 7, 1962.

Rehearing Denied Jan. 8, 1963.

Bassmann, Goordon & Mayberry, Claremore, Rucker, Tabor, Best, Sharp & Shepherd, Joseph M. Best, O. H. "Pat" O'Neal, Tulsa, for plaintiff in error.

H. Tom Kight, Claremore, for defendant in error.

DAVISON, Justice.

Great American Reserve Insurance Company of Dallas, designated herein as defendant or "insurer", issued on December 4, 1957, its group life insurance policy covering "eligible employees" of the Oklahoma State Highway Patrol. On the same day an individual "certificate of insurance under the group policy" was issued by the insurer to Owen B. Strain, deceased, then a

member of the Highway Patrol. The present action was brought by Leara L. Strain, plaintiff below, who, as named beneficiary, sought to recover death benefits provided by this policy. Judgment was entered on a jury verdict allowing recovery. Insurer has perfected this appeal after the trial court overruled its motion for a new trial.

The "certificate of insurance" provided, inter alia, that it shall be "void" if issued to an employee who is *"not actually at work"* on the date thereof. At the trial defendant showed by stipulation of the parties that from November 26, 1957, until his death on December 5, 1957, decedent was continuously confined as a bed patient in the Franklin Hospital at Claremore, Oklahoma. On rebuttal, the beneficiary produced several witnesses who testified that on the effective date of the policy (December 4,) the deceased was on the payroll of the Patrol and, although bedfast, did nevertheless actually perform some of the regular and customary duties of his employment because he prepared a certain supplemental accident report at the request, and for the use of, the local county attorney. The proof so elicited stands uncontradicted and undisputed. The principal contention advanced is that the decedent was never "actually at work" within the meaning and purview of the quoted policy clause; hence, the insurer urges that the contract of insurance did not become effective prior to decedent's death, and is unenforceable by the beneficiary.

Policy provisions with language bearing some resemblance to that employed here have, with varied conclusions, been applied by appellate courts to fact situations of a more or less similar nature. See White v. Great American Reserve Insurance Company, Tex.Civ.App., 342 S.W.2d 793; Boyer v. Travelers Ins. Co., 7 Cal.2d 615, 61 P. 2d 925; Augusta v. John Hancock Mutual Life Ins. Co., 11 Misc.2d 111, 170 N.Y.S.2d 908; Equitable Life Assurance Society of United States v. Worthman, 7 Cir., 67 F.2d 721; Colantonio v. Equitable Life Assurance Society, Ohio Com.Pl., 100 N.E.2d

716; Elsey v. Prudential Ins. Co. of America, 10 Cir., 262 F.2d 432; see also John Hancock Mutual Life Ins. Co. v. Welsh, 5 Cir., 267 F.2d 152. Under the record in the cause at bar we need not, however, for the reasons to be stated, decide whether the evidence, as narrated, is sufficient to show that the deceased was "actually at work" on the effective date of the policy.

In her petition plaintiff alleged, in general terms, compliance with all the conditions of the policy. This form of pleading, we note, is sanctioned by our code of civil procedure. 12 O.S.1961 § 300. The sole defense interposed in the answer was insured's breach of the condition requiring him to be "actually at work" on the date the policy was issued. The execution of the policy and defendant's acceptance of the premium due thereon were not denied. Although prior to the filing of its answer insurer admittedly did have knowledge of all the facts upon which it sought to avoid the obligation, it did not plead therein that the premium was returned nor that an offer to restore the same had been made. At the trial, defendant correctly assumed the burden of proving the allegations of its answer and undertook to establish a breach of condition by showing that on December 4, 1957—the date on which its policy was issued—decedent remained in the hospital. Nowhere in the proceedings did the defendant show or attempt to establish the return or tender of the premium. As reflected by defendant's argument and the trial court record, defendant unmistakably proceeded on the assumption that decedent's confinement in the hospital on December 4, rendered the policy ineffective, void ab initio, or extinguished by operation of law and without the necessity of any affirmative action on its part. This view of the law was erroneous.

The policy clause upon which defendant sought to avoid its liability contained this language: "This Certificate (of insurance) *is void* if issued to (a) an Employee who is not actually at work on the date hereof * * *." The word "void"

admits of more than one meaning. A contract may be void in the sense of being illegal; if so, the obligation, being prohibited by law, is a nullity in its contemplation; hence incapable of affirmance, ratification and enforcement. In some context the word void may be construed as meaning merely voidable; that is, the contract continues in force and effect until its timely repudiation or rescission by an affirmative act of the party entitled to avoid the obligation. It is the latter meaning of the term void that the law attaches to a policy clause such as that under consideration. Pacific Mutual Life Ins. Co. v. O'Neil, 36 Okl. 792, 130 P. 270, 274. In the case last cited this court, quoting from an Indiana decision, said:

> " '* * * A court cannot by its fiat alone, render a voidable contract void, but its can only adjudge that the *party entitled to avoid it has done so, and that it thereby and for that reason became invalid. * * *'* " (Emphasis supplied)

▆ The nature and effect of a so-called "void" clause in the insurance policy is aptly explained in Moody v. Amazon Insurance Co., 52 Ohio St. 12, 38 N.E. 1011, 1012, 26 L.R.A. 313, 49 Am.St.Rep. 699:

> "* * * Those clauses usually contained in policies of insurance, which provide that the policy shall become void, or its operation defeated or suspended, or the insurer relieved wholly or partially from liability, upon the happening of some event, or the doing or omission to do some act, are not in any proper sense conditions precedent. If they may be properly called conditions, *they are conditions subsequent, and matters of defense, which, together with their breach, must be pleaded by the insurer, to be available as a means of defeating a recovery on the policy; and the burden of establishing the defense, if controverted, is, of course,* upon the party pleading it." (Emphasis supplied)

Non-compliance with, or breach of, a condition such as that which defendant invoked in its defense does not operate to extinguish the policy or render it ineffective and void. The law requires an affirmative act of rescission on the part of the insurer in order to avoid its liability.

In Pacific Mutual Life Ins. Co. v. O'Neil, supra, we quoted with approval as follows: (130 P. page 274)

> " '* * * If appellant [insurer] desired to avoid this policy for the reasons pleaded, it was required to act with reasonable promptness after acquiring knowledge of the facts, and thereupon it was its duty to notify appellees [beneficiary] of its decision to avoid the policy, and of the reasons therefor, and to return or tender, or in some appropriate way manifest its willingness and readiness to restore the unearned premium received. The answers filed do not disclose the time when appellant [insurer] learned the true state of appellees' title, nor deny knowledge of the same at the time of issuing the policy, but proceed upon the theory that the policy was void ab initio and without any action on the part of the insurer. *This theory was wrong and the averment of facts insufficient. The answers should have pleaded the covenants or conditions relied upon, a breach, and the acts done by the appellant [insurer] in pursuance of its election to avoid the contract. * * *'* " (Emphasis supplied)

The duties of a party who seeks to rescind a contract are defined in 15 O.S.1961 § 235, which provides:

> "Rescission, when not effected by consent, can be accomplished only by the use, on the part of the party rescinding, of reasonable diligence to comply with the following rules:

> "1. He must rescind promptly, upon discovering the facts which entitle him to rescind, if he is free from duress, menace, undue influence, or disability,

and is aware of his right to rescind; and,

"2. He must restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable, or positively refuses to do so."

■ The terms of the quoted enactment are clear and definite. Its provisions control, with equal force and effect, whether the action or defense be at law or in equity. Holcomb & Hoke Mfg. Co. v. Jones, 102 Okl. 175, 228 P. 968, 970. One will not be permitted to repudiate his contract and retain the benefits which he has derived from it. Every right acquired under the contract sought to be repudiated must be absolutely surrendered as a condition precedent to its avoidance. If offer to restore consideration is refused by the promisee, a tender, once made, must be kept good to be available as a ground for action or defense. Black, A Treatise on the Rescission of Contracts and Cancellation of Written Instruments, Sec. Ed., Vol. 3, Sec. 617, p. 1492; A. A. Murphy, Inc. v. Banfield, Okl., 363 P.2d 942, 949. "The purpose of requiring a party rescinding a contract to restore to the other party everything of value he has received under it is to make it unnecessary for the party to whom restoration should be made to bring an action to obtain such restoration." 12 Am. Jur., Contracts, Sec. 451, p. 1033. Failure to comply with 15 O.S.1961 § 235, by a party seeking to avoid a contract *is fatal* to his cause of action or defense. Holcomb & Hoke Mfg. Co. v. Jones, supra; see also Hooper v. Commercial Lumber Company, Okl., 341 P.2d 596, 598. These rules of law apply with like force and effect to an insurer who seeks to avoid liability for breach of a policy condition. An insurer who, with full knowledge of facts alleged to preclude or defeat recovery upon an insurance policy, fails to return or tender the premium received, is barred by both waiver and estoppel in pais from avoiding the obligation of the policy. The Connecticut Fire Insurance Company v. Johnson, Okl., 293 P.2d 607, 608; Kaskaskia Livestock Ins. Co. v. Harvey Bros., 93 Okl. 107, 219 P. 672.

■ Failure to restore or tender the premium by an insurer who attempts to avoid liability under a policy may be excused when the sufficiency of its answer was not challenged and the evidence on the trial supplied the defect in the pleading. See in this connection United States Casualty Co. v. Jackson, 173 Okl. 60, 46 P.2d 939.

■ Neither defendant's answer nor its evidence showed the return or tender of the premium. While the answer was not attacked as fatally defective for failure to plead an attempted restoration of the premium, plaintiff did challenge, at the close of the evidence, defendant's right to avoid the obligation. At that point, or stage, of the proceeding plaintiff asked "leave of court to amend the pleading to conform to the proof concerning the waiver and estoppel on the part of the defendant and to the fact that the defendant is estopped to deny (liability) under the policy having accepted coverage." Refusing to recognize that defendant's own evidence (by failing to prove timely return or tender of the premium,) precluded it from asserting the defense pleaded in the answer, the trial court disallowed the proffered amendment and submitted the cause to the jury on the sole issue of whether insured was in fact "actually at work" at the time the certificate of insurance was issued.

■ The statute, 12 O.S.1961 § 317, as well as the decisions of this court, are extremely liberal in permitting amendments to the pleadings, either before or during the trial, when such amendments are in furtherance of justice and do not substantially alter the nature of the claim or defense. A & A Cab Operating Co., Inc. v. Allen, 194 Okl. 103, 147 P.2d 792; Smith v. Miller, Okl., 366 P.2d 402. Under the facts as recited, we are of the opinion that leave to amend the pleading should have been granted. The issue of waiver was injected

by defendant's own failure to prove tender. The proffered amendment, if allowed, would not have operated to change or alter the issues so as to increase defendant's burden. The duty to plead and prove the return or tender of the premium rested on the insurer from the inception, and was a condition precedent to its defense. Moreover, when waiver of a policy provision is, as here, evident from insurer's own proof, an amendment to plaintiff's petition putting waiver in issue should be allowed. Since an amendment would have been proper at the trial, the appellate court will consider the pleadings as amended to conform to the proof. St. Paul Fire & Marine Ins. Co. v. Griffin, 33 Okl. 178, 124 P. 300, 302; see also Century Ins. Co., Limited, of Edinburg, Scotland v. Rice, 193 Okl. 418, 144 P.2d 953, 955. We shall accordingly treat plaintiff's pleadings as though the trial court had allowed the proffered amendment thereto. Mayes County Milk Producers Ass'n v. Hunter Agency, Okl., 317 P.2d 736; see also Shade v. Miller, 131 Okl. 23, 267 P. 626. The trial court's error in denying plaintiff leave to amend her pleading is a proper subject of our consideration on appeal.

█ A judgment may be saved even in the absence of a cross-appeal when it appears that errors committed by the trial court to the prejudice of the successful litigant will, if rectified, make the result reached below correct. Woolfolk v. Semrod, Okl., 351 P.2d 742.

█ For the insurer it is vigorously urged that the trial court's refusal to permit the injection of waiver and estoppel as an issue in the case was proper. Under our former decisions insurer contends, where as here, plaintiff's petition alleges generally compliance with the terms and conditions of the policy, an allegation of waiver, if contained in the reply, will be stricken as a departure because new matter set up in the reply must not be inconsistent with the allegations of the petition. In support of this argument insurer cites: Aetna Ins. Co. v. Hughes, 120 Okl. 7, 249 P. 908; Merchant's & Planters' Ins. Co. v. Marsh,

34 Okl. 453, 125 P. 1100, 42 L.R.A.,N.S., 996, and National Fire Insurance Co. of Hartford, Conn. v. Nichols, 85 Okl. 24, 204 P. 272.

This statement of the law, though correct as an abstract and general proposition, is subject to an exception recognized by this court in Northwestern National Life Ins. Co. v. Ward, 56 Okl. 188, 155 P. 524, 526, where we said:

"A reply filed in an action to recover on an insurance policy which admits the nonperformance of a condition precedent and sets up facts to show that the performance of such condition precedent had been waived, when the petition in the action had affirmatively alleged that such conditions precedent had been performed, is a departure from the cause of action alleged in the petition * * * but a like manner of pleading does not constitute a departure when the conditions involved are what is known as 'conditions subsequent' or promissory warranties. * * * *"

Policy clauses similar to that relied on by the defendant have been held to be for the purpose of protecting the insurer against a risk which may arise between the date of application and the delivery of the policy. They are not considered a condition precedent for the plaintiff to aver and prove. The burden rested on the insurer to plead and show that the policy was issued when the insured was not "actually at work." Defendant recognized its burden and correctly undertook the duty of sustaining the allegations of its answer. Atlas Life Insurance Company v. Eastman, Okl., 320 P.2d 397; Home State Life Ins. Co. v. Turner, 183 Okl. 575, 83 P.2d 832; National Life & Accident Ins. Co. v. Roberson, 180 Okl. 265, 68 P.2d 796; National Life & Accident Ins. Co. v. Shermer, 161 Okl. 77, 17 P.2d 401; Mid-Continent Life Insurance Company v. House, 156 Okl. 285, 10 P.2d 718.

█ We are constrained to hold that the allowance of an amendment to plain-

**590**

tiff's reply would not, under the record in the cause at bar, taint the pleadings by a departure. It was defendant's clear duty and burden to establish the return of premium or tender thereof. Upon its failure to prove these essential elements of defense, plaintiff was free to raise estoppel and waiver. Her proffered amendment should have been allowed. Either the petition or the reply could have been amended to include the allegation of waiver. Century Ins. Co., Limited, of Edinburg, Scotland v. Rice, supra; see also St. Paul Fire & Marine Ins. Co. v. Griffin, supra.

In view of its failure to show the return or tender of unearned premium, as required by law, we conclude that the insurer waived its right, if any, to avoid liability under the policy.

 Before final disposition of the cause insurer filed in this court an affidavit showing that a refund check had been issued by it prior to commencement of this action and was forwarded to the Highway Patrol for delivery to the plaintiff. This proof is, of course, dehors the record and incompetent. But even if we were able to treat the affidavit as competent evidence and a part of the record, we would nonetheless be compelled to find it insufficient to establish an offer of restoration. There is no showing in it that a tender was ever made to the beneficiary. After death of the insured a tender of premium in avoidance of the policy must be made to the beneficiary. American Cent. Life Ins. Co. v. Rosenstein, 46 Ind.App. 537, 92 N.E. 380; Grand Lodge of Brotherhood of Railroad Trainmen v. Clark, 189 Ind. 373, 127 N.E. 280, 18 A.L.R. 1190.

 Insurer also contends that the trial court erred: (a) in admitting evidence showing that the premium was deducted from insured's pay check; (b) in receiving proof that insurer advised the beneficiary shortly after insured's death that the certificate was effective; (c) in giving and refusing certain instructions on the issue of whether the insured was actually at work on the day the certificate of insurance was issued. There was no dispute as to the payment of the premium and, inasmuch as the insurer clearly waived its defense that insured was not eligible for coverage at the time the certificate was issued, the matters complained of represent, in any event, but harmless error.

The judgment is accordingly affirmed.

WILLIAMS, C. J., and HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.