OSCN Found Document:BATES v. COPELAND

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 BATES v. COPELAND
2015 OK CIV APP 30
Case Number: 112506
Decided: 03/06/2015
Mandate Issued: 03/31/2015
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2015 OK CIV APP 30, __ P.3d __

 

COLEMAN BATES, III, Plaintiff/Appellant,
v.
ANGELA COPELAND, Defendant/Appellee.

IN RE THE MARRIAGE OF:

MATTHEW WAYNE COPELAND, II, Petitioner/Appellee,
and
ANGELA COPELAND, Respondent/Appellee,

STATE OF OKLAHOMA, ex rel. DEPARTMENT OF HUMAN SERVICES, CHILD SUPPORT ENFORCEMENT SERVICES, Appellee.

APPEAL FROM THE DISTRICT COURT OF MAYES COUNTY, OKLAHOMA

HONORABLE REBECCA J. GORE, JUDGE

AFFIRMED

Paul E. Blevins, Blevins Law Office, Inc., Pryor, Oklahoma, for Appellant,
Bryan A. Rock, K. Ellis Ritchie, P.C., Pryor, Oklahoma, for Appellee Matthew Wayne Copeland, II,
Amy E. Page, Department of Human Services, Child Support Enforcement Services, Tulsa, Oklahoma, for Appellee State of Oklahoma, ex rel. Department of Human Services, Child Support Enforcement Services.

Larry Joplin, Judge:

¶1 Plaintiff/Appellant Coleman Bates, III (Bates or Plaintiff), seeks review of the trial court's order dismissing his action to determine paternity of a child born to Defendant/Appellee Angela Copeland (Mother or Defendant). In this proceeding, Bates asserts the trial court erred as a matter of law and fact in holding he had not demonstrated an excuse for the untimely filing of his petition to determine paternity.

¶2 Mother and Petitioner/Appellee Matthew Wayne Copeland, II (Copeland or Petitioner) married on October 29, 2003. During the marriage, one child was born in November 2003.

¶3 Mother and Copeland separated in July 2008. After the separation, Mother and Copeland continued to have sexual relations. After the separation, Mother and Bates also had a sexual relationship. Mother gave birth to a child on September 24, 2009. The birth certificate of the child listed "Bates" as the child's last name.

¶4 On September 25, 2009, Bates executed a form Acknowledgment of Paternity (AOP) of the child. The AOP, signed by both Bates and Mother, asked, "Was mother married at time of conception or birth?" Bates and Mother answered, "no," although Mother was still legally married to Copeland, albeit separated.

¶5 On August 23, 2013, after receipt of notice of a pending child support action by Appellee State of Oklahoma, ex rel. Department of Human Services, Child Support Services (State), Copeland commenced an action for dissolution of his marriage to Mother. Citing the pending child support action and the birth certificate's stated last name of the child, Copeland alleged paternity of the child was uncertain, and genetic testing should be conducted. The trial court subsequently entered a temporary order, by which Copeland and Mother agreed to shared joint custody of the child pendente lite.

¶6 On October 4, 2013, Bates commenced an action to determine paternity of the child, now four years old. On October 11, 2013, Copeland filed a Notice of Another Action Pending, i.e., the action for dissolution of the marriage, and Motion to Stay proceedings in the paternity action. On October 14, 2013, State filed an objection to the petition to determine paternity, and sought either dismissal of the paternity action or a stay pending further proceedings in the dissolution action. On November 12, 2013, Copeland filed a Motion to Vacate the AOP and Motion to Dismiss the paternity action, and alleged a continuing sexual relationship with Mother after their separation.

¶7 On December 2, 2013, the parties appeared for a hearing on the Motion to Vacate and Motion to Dismiss the paternity action. None of the parties presented further evidence or testimony, rather relying solely on the facts established by the pleadings and the arguments of their respective attorneys, and the trial court took the matter under advisement.

¶8 By order filed December 30, 2013, the trial court issued its ruling. The trial court held:

The basis of [Copeland's] and [State's] request to vacate the Acknowledgment of Paternity is that [Copeland's] presumption of paternity has not been properly rebutted under the Uniform Parentage Act (UPA). Under Title 10 O.S. Section 7700-204 (A)(1), a man is presumed to be the father of a child if he and the mother are married to each other and the child is bom during the marriage. The marital presumption imposed under UPA may only be rebutted by (1) a timely filing of a Husband's Denial of Paternity accompanied by a properly executed Acknowledgment of Paternity; or in the alternative, (2) initiating a proceeding to adjudicate the child's paternity under Article 6 of the Uniform Parentage Act. Title 10 O.S. Section 7700-303, Section 7700-204 (B).

However, such a proceeding to adjudicate parentage of a child having a presumed father must be brought no later than two (2) years after the child's birth, unless the Court determines that (1) the presumed father and mother did not cohabitate or engage in sexual intercourse during the probable time of conception AND the presumed father never held the child out as his own; OR (2) by agreement of the biological father, the presumed father, and the mother to adjudicate the biological father's parentage. Title 10 O.S. Section 7700-607(B), Section 7700-607(C).

The Court finds that [the child] was born during the marriage of Copeland and Mother Copeland. The Court finds that because the child was born during this marriage, [Copeland] is the presumed father. [Copeland] failed to execute the required Denial of Paternity. While [Mother] and [Bates] attempted to execute an Acknowledgment of Paternity, the execution of the AOP alone is not enough to rebut [Copeland's] presumption of paternity. The Court finds that both an Acknowledgment of Paternity signed by the biological father as well as a Denial of Paternity signed by the presumed father must be properly executed and that neither is valid until both are signed. See Title 10 O.S. 7700-304. Accordingly, the Court finds that [Mother's] and [Bates's] executed Acknowledgment of Paternity is not valid. [Bates], therefore, cannot be an acknowledged father and must seek to be adjudicated the child's father.

The Court finds that [Bates] filed his action to be judicially declared [the child's] father on October 4, 2013. This, however, is well past the two (2) year limitation, the child having been born September 24, 2009. As such, [Bates] can only overcome the marital presumption if he can produce sufficient evidence that [Copeland] and [Mother] did not cohabitate or engage in sexual intercourse during the probable time of conception. The Court finds that although [Copeland] and [Mother] were separated at the time of conception, the only information presented to the Court concerning the Copelands' continued sexual relationship is from [Copeland's] verified Petition for Dissolution of Marriage. Per that Petition, [Copeland] and [Mother] continued to engage in a sexual relationship during the time of separation. [Bates] has failed to produce any evidence that [Copeland] and [Mother] did not engage in sex during the probable time of conception.
. . .

[Copeland] is the presumed father, having been married to the [Mother] at the time of [the child's] birth. [Copeland] did not sign a Denial of Paternity and that such was required as well as [Mother's] and [Bates's] Acknowledgment of Paternity before either can be valid. The Court finds, therefore, that [Bates's] Acknowledgment of Paternity is not a valid document adjudicating [Bates] as Father. The Court further finds that [Bates] has failed to bring an action to adjudicate the child's parentage within the two (2) years as required by law and that further [Bates] has failed to establish an exception to the time limitation.

The trial court accordingly granted Copeland's Motion to Vacate the AOP and his Motion to Dismiss Bates's petition to determine paternity. Bates appeals.

¶9 In this appeal, Bates asserts the trial court erred as a matter of law in holding the AOP executed by him and Mother was invalid because Copeland did not also execute a denial of paternity. Particularly, Bates argues that, contrary to the trial court's conclusion, 10 O.S. §7700-304 does not mandate the execution of both an acknowledgment of paternity and a denial of paternity, and that Oklahoma law requires the execution of both an acknowledgment of paternity and a denial of paternity only: (1) under 10 O.S. §7700-302(A), when the AOP states on its face that there is a presumed father; (2) under 10 O.S. §7700-305(B), when the presumed father seeks to discharge himself from the rights and duties of a parent; and (3) under 10 O.S. §7700-303(1), which conditions the validity of a denial of paternity on the execution of an AOP, but which does not condition the validity of an AOP on the execution of a denial of paternity. In this proposition, Bates argues that the AOP he and Mother executed, where they falsely stated Mother was not married at the time of conception, is, at best, voidable under 10 O.S. §7700-302(C), not void under 10 O.S. §7700-302(B). See, e.g., Kincaid v. Black Angus Motel, Inc., 1999 OK 54, ¶7, 983 P.2d 1016, 1018-1019[1]; Great Am. Reserve Ins. Co. of Dallas v. Strain, 1962 OK 241, ¶5, 377 P.2d 583, 586-587.[2]

¶10 The facts of this case are not seriously disputed. The issues presented in the present case turn on the application of the statutory provisions governing the presumption of paternity, an acknowledgment of paternity, and the time for commencement of an action to determine paternity to the undisputed facts of this case. The construction and application of these statutes to the undisputed facts present questions of law, which we review de novo. In re: Assessment of Personal Property Taxes, 2008 OK 94, ¶17, 234 P.3d 938, 946; Multiple Injury Trust Fund v. Harper, 2008 OK CIV APP 82, ¶10, 194 P.3d 790, 794; Oklahoma Petroleum Workers' Compensation Association v. Mid-Continent Casualty Co., 1994 OK CIV APP 107, ¶5, 887 P.2d 335, 337.

¶11 Under §7700-204 of title 10, O.S.:

A. A man is presumed to be the father of a child if:

1. He and the mother of the child are married to each other and the child is born during the marriage;

2. He and the mother of the child were married to each other and the child is born within three hundred (300) days after the marriage is terminated by death, annulment, declaration of invalidity, dissolution of marriage or after decree of separation;

3. Before the birth of the child, he and the mother of the child married each other in apparent compliance with law, even if the attempted marriage is or could be declared invalid, and the child is born during the invalid marriage or within three hundred (300) days after its termination by death, annulment, declaration of invalidity, a decree of separation, or dissolution of marriage;

4. After the birth of the child, he and the mother of the child married each other in apparent compliance with law, whether or not the marriage is or could be declared invalid, and he voluntarily asserted his paternity of the child, and:

a. the assertion is in a record with the State Department of Health, Division of Vital Records or the Department of Human Services,

b. he agreed to be and is named as the child's father on the child's birth certificate, or

c. he promised in a record to support the child as his own; or

5. For the first two (2) years of the child's life, he resided in the same household with the child and openly held out the child as his own.

B. A presumption of paternity established under this section may be rebutted only by an adjudication under [10 O.S. §§7700-601 et seq.]

An action to adjudicate the paternity of a child having a presumed father is controlled by §7700-607 of title 10, O.S., which provides:

A. Except as otherwise provided in subsection B of this section, a proceeding brought by a presumed father, the mother, or another individual to adjudicate the parentage of a child having a presumed father shall be commenced not later than two (2) years after the birth of the child.

B. A proceeding seeking to disprove the father-child relationship between a child and the child's presumed father may be maintained at any time in accordance with Section 7700-608 of this title if the court, prior to an order disproving the father-child relationship, determines that:

1. The presumed father and the mother of the child neither cohabited nor engaged in sexual intercourse with each other during the probable time of conception; and

2. The presumed father never openly held out the child as his own.

C. A proceeding seeking to disprove the father-child relationship between a child and the child's presumed or acknowledged father may be maintained at any time if the court determines that the biological father, presumed or acknowledged father, and the mother agree to adjudicate the biological father's parentage in accordance with Sections 7700-608 and 7700-636 of this title. . . . In a proceeding under this section, the court shall enter an order either confirming the existing father-child relationship or adjudicating the biological father as the parent of the child. A final order under this section shall not leave the child without an acknowledged or adjudicated father.

So, under §7700-607(A), a proceeding to adjudicate the paternity of a child having a presumed father must be commenced within two years of the birth of the child, unless the court expressly determines either (1) pursuant to §7700-607(B), the facts surrounding the conception of the child, coupled with the failure of the presumed father to acknowledge paternity, do not support the presumption of paternity, or (2) pursuant to §7700-607(C), the interested parties have agreed to a determination of paternity by genetic testing pursuant to §7700-608 and §7700-636.[3]

¶12 There are several sections touching on acknowledgments and denials of paternity. Section 7700-302 of title 10, O.S., governs the requirements of an acknowledgment of paternity, and provides:

A. An acknowledgment of paternity shall:

1. Be in a record and on the form prescribed by the Department of Human Services . . . ;

2. Be signed, or otherwise authenticated, under penalty of perjury by the mother and by the man seeking to establish his paternity;

3. State that the child whose paternity is being acknowledged:

a. does not have a presumed father, or has a presumed father whose full name is stated, and

b. does not have another acknowledged or adjudicated father;

4. State whether there has been genetic testing and, if so, that the acknowledging man's claim of paternity is consistent with the results of the testing; and

5. State that the signatories understand that the acknowledgment is the equivalent of a judicial adjudication of paternity of the child and that a challenge to the acknowledgment is permitted only under limited circumstances and is barred after two (2) years.

¶13 B. An acknowledgment of paternity shall be void if it:

1. States that another man is a presumed father, unless a denial of paternity signed or otherwise authenticated by the presumed father is filed with the State Department of Health, Division of Vital Records; or

2. States that another man is an acknowledged or adjudicated father.

C. An acknowledgment of paternity is voidable if it falsely denies the existence of a presumed, acknowledged, or adjudicated father of the child.

Section 7700-303 of title 10, O.S., governs the execution and effect of a denial of paternity, and provides that a denial of paternity is valid only if:

1. An acknowledgment of paternity signed, or otherwise authenticated, by another man is filed pursuant to [10 O.S. §7700-312];

2. The denial is in a record, and is signed, or otherwise authenticated, under penalty of perjury;

3. The presumed father has not previously:

a. acknowledged his paternity, unless the previous acknowledgment has been rescinded pursuant to [10 O.S. §7700-307] or successfully challenged pursuant to [10 O.S. §7700-308], or

b. been adjudicated to be the father of the child; and

4. The denial is signed not later than two (2) years after the birth of the child.

Section 7700-304 of title 10, O.S., governs the execution of acknowledgments and denials of paternity, and provides in pertinent part:

A. An acknowledgment of paternity and a denial of paternity may be executed separately or simultaneously. If the acknowledgment and denial are both necessary, neither is valid until both are executed.

B. An acknowledgment of paternity or a denial of paternity may be signed before the birth of the child.

C. Subject to subsection A of this section, an acknowledgment of paternity or denial of paternity takes effect on the birth of the child or the execution of the document, whichever occurs later.

Section 7700-305 of title 10, O.S., governs the effect of acknowledgments and denials of paternity, and provides:

A. Except as otherwise provided in [10 O.S. §§7700-307 and 7700-308], a valid acknowledgment of paternity signed by both parents is equivalent to an adjudication of paternity of a child and confers upon the acknowledged father all of the rights and duties of a parent.

B. Except as otherwise provided in [10 O.S. §§7700-307 and 7700-308], a valid denial of paternity by a presumed father when executed in conjunction with a valid acknowledgment of paternity is equivalent to an adjudication of the nonpaternity of the presumed father and discharges the presumed father from all rights and duties of a parent.[4]

¶14 Copeland and Mother separated in July 2008. According to Copeland's verified petition for dissolution of his marriage to Mother, he continued to have a sexual relationship with Mother after their separation. Bates introduced no evidence to controvert Copeland's sworn petition establishing he continued to have a sexual relationship with Mother after their separation. The child was born in September 2009, after the separation of Copeland and Mother, but while Copeland and Mother remained married.

¶15 On these undisputed facts, Copeland is the presumed father of the child born to Mother in September 2009 under 10 O.S. §7700-204(A)(1). Copeland's presumption of paternity cannot be displaced absent either (1) an adjudication of his non-paternity by a court of competent jurisdiction (a) in an action for divorce as permitted by 43 O.S. §109.2,[5] or (b) as mandated by §7700-204(B), in a timely commenced action under 10 O.S. §7700-607, or (2) a timely, validly executed and filed denial of paternity as prescribed by 10 O.S. §7700-303 and §7700-305(B).

¶16 In this respect, the law does not ascribe controlling effect to the AOP executed by Bates and Mother. To hold that Copeland's presumption of paternity may be overcome based only on the AOP executed by Bates and Mother, absent an adjudication of Copeland's non-paternity or Copeland's timely executed and filed denial of paternity, renders the statutory presumption of paternity wholly without force and effect, and would permit the divestiture of the presumed father-child relationship without affording the presumed father notice and an opportunity to be heard in a proceeding affecting the most substantial and important rights of a parent.

¶17 Copeland apparently chose not to question his presumed paternity of the child born to Mother in September 2009 until notified of the State's child support enforcement action in August 2013. He then commenced for dissolution of the marriage.

¶18 We hold that Copeland was the presumed father of the child born to Mother during their marriage, and absent an adjudication of Copeland's non-paternity or Copeland's timely executed and filed denial of paternity, the AOP executed by Bates and Mother, falsely stating Mother was not married at the time of conception or birth of the child, was voidable under 10 O.S. §7700-302(C). The trial court did not err as a matter of law or fact in vacating the AOP executed by Bates and Mother.

¶19 Further, Bates proved no excuse for commencement of the action to determine paternity more than two years after the birth of the child as provided in §7700-607(B). The trial court did not err as a matter of law or fact in dismissing the action to determine paternity commenced by Bates more than two years after the child's birth.

¶20 The order of the trial court is AFFIRMED.

MITCHELL, P.J., and HETHERINGTON, C.J., concur.

FOOTNOTES

[1] "'. . . [A]n act declared to be void by statute which is malum in se or against public policy is utterly void and incapable of ratification, but an act or contract so declared void, which is neither wrong in itself nor against public policy, but which has been declared void for the protection or benefit of a certain party, or class of parties, is voidable only and is capable of ratification by the acts or silence of the beneficiary or beneficiaries . . . such an act or contract is valid until voided, not void until validated, and it is subject to ratification and estoppel.'" (Citations omitted.)

[2] "The word 'void' admits of more than one meaning. A contract may be void in the sense of being illegal; if so, the obligation, being prohibited by law, is a nullity in its contemplation; hence incapable of affirmance, ratification and enforcement. In some context the word void may be construed as meaning merely voidable; that is, the contract continues in force and effect until its timely repudiation or rescission by an affirmative act of the party entitled to avoid the obligation." (Citation omitted.)

[3] Section 7700-608 of title 10, O.S.: authorizes the denial of a motion to compel genetic testing if "[t]he conduct of the mother or the presumed or acknowledged father estops that party from denying parentage[,] and [i]t would be contrary to the child's best interests to disprove the father-child relationship between the child and the presumed or acknowledged father"; sets out factors to be considered in the determination to grant or deny genetic testing; and, directs entry of an order adjudicating the paternity of the presumed or acknowledged father upon denial of a motion to compel testing. Section 7700-636 of title 10, O.S., specifies the requisites for an order adjudicating paternity, including identification of the child, and a change of the child's surname if necessary, and permits assessment of costs.

[4] Section 7700-307(A) of title 10, O.S., permits the rescission of an acknowledgment or denial of paternity under some circumstances: "A signatory may sign a rescission of acknowledgment of paternity or sign a rescission of denial of paternity before the earlier of: 1. Sixty (60) days after the effective date of the acknowledgment; or 2. The date of the first hearing, in a proceeding to which the signatory is a party, before a court to adjudicate an issue relating to the child, including a proceeding that establishes support." Section 7700-308(A) of title 10, O.S., requires commencement of an action to rescind an acknowledgment or denial of paternity "on the basis of fraud, duress or material mistake of fact . . . [w]ithin two (2) years after the acknowledgment or denial is executed."

[5] "Except as otherwise provided by Section 7700-607 of Title 10 of the Oklahoma Statutes, in any action concerning the custody of a minor unmarried child or the determination of child support, the court may determine if the parties to the action are the parents of the children. . . ."






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1994 OK CIV APP 107, 887 P.2d 335, 65 OBJ 4128, Oklahoma Petroleum Workers' Compensation Ass'n v. Mid-Continent Cas. Co.
Discussed
 2008 OK CIV APP 82, 194 P.3d 790, MULTIPLE INJURY TRUST FUND v. HARPER
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1962 OK 241, 377 P.2d 583, GREAT AM. RESERVE INS. CO. OF DALLAS v. STRAIN
Discussed
 2008 OK 94, 234 P.3d 938, IN THE MATTER OF THE ASSESSMENT OF PERSONAL PROPERTY TAXES
Discussed
 1999 OK 54, 983 P.2d 1016, 70 OBJ 1829, Kincaid v. Black Angus Motel, Inc.
Discussed
Title 10. Children
 Cite
Name
Level

 10 O.S. 7700-204, Presumption of Paternity - Rebuttal
Cited
 10 O.S. 7700-302, Content and Form of Acknowledgment - Void and Voidable Acknowledgments - Authentication
Discussed at Length
 10 O.S. 7700-303, Signed Denial of Paternity - Validity
Discussed
 10 O.S. 7700-304, Simultaneous Documents - Time of Execution - Signature of Minor
Discussed
 10 O.S. 7700-305, Effect of Valid Acknowledgment or Denial of Paternity
Cited
 10 O.S. 7700-307, Recission of Acknowledgment or Denial of Paternity
Discussed
 10 O.S. 7700-308, Proceeding to Challenge Acknowledgment or Denial of Paternity - Burden of Proof
Cited
 10 O.S. 7700-601, Civil Proceeding to Adjudicate Parentage
Cited
 10 O.S. 7700-607, Limitations of Actions
Cited
Title 43. Marriage
 Cite
Name
Level

 43 O.S. 109.2, Determination of Paternity, Custody and Child Support
Cited